Henry M. Perrell and Lulu Perrell, Appellants, v. Abraham J. Liebman and Leah Liebman, Appellees.

**Gen. No. 33,643.**

Opinion filed April 28, 1930.   Rehearing denied May 12, 1930.

HENRY C. FERGUSON, for appellants.

HYMAN A. PIERCE, for appellees; SIDNEY ROSENBLUM, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an order overruling the motion to vacate an order for the issuance of a writ of assistance.

The proceedings leading up to the writ of assistance were as follows:   The above named parties on June 7, 1919, entered into an agreement for a warranty deed, which provided that upon payment by the Perrells of certain money and upon the performance of certain covenants they should receive title by warranty deed to certain real estate and that upon their failure to do so the Liebmans should have the right to re-enter and take possession of the premises.   The Perrells failed to perform the conditions, whereupon the Liebmans served notice of a declaration of forfeiture, demanded possession and commenced forcible detainer proceedings in the municipal court for possession of the premises.

Thereafter the Perrells filed their bill of complaint seeking an injunction against the forcible detainer suit. A temporary injunction was granted. Thereupon the Liebmans filed their cross-bill asking for the possession of the premises involved. The matter was referred to a master in chancery, evidence was taken and upon his report and recommendations the chancellor entered a decree dissolving the injunction, dismissing the bill of complaint, finding the issues in favor of the Liebmans, the cross complainants, and holding that they were entitled to immediate possession of the premises and ordering the Perrells, cross defendants, immediately to surrender possession of the same to the cross complainants; and further:

"That in the event of their failure or refusal so to do within five days from the entry of this decree, the cross complainants, Abraham J. Liebman and Leah Liebman, shall be entitled to have a Writ of Assistance issued in their favor and against the said cross defendants, directing the Sheriff of Cook County to enforce compliance with this decree by evicting the cross defendants, Henry H. Perrell and Lulu Perrell, his wife, from the premises described in this decree."

Subsequently upon a showing to the court that the cross defendants refused to obey the decree and surrender possession the court issued an order for the writ of assistance to issue. Thereafter the cross defendants moved to vacate the order, which motion was overruled, and they prayed this appeal.

The only point urged by appellants is that proper practice requires that before a writ of assistance shall issue a copy of the decree shall be served upon the defendant in possession and that in the present case no demand for immediate possession after the entry of the final decree nor any showing was made upon which to predicate the order for the writ.

The record shows a sufficient basis for the issuance of the writ of assistance. Section 42, Cahill's St. ch.

22, ¶ 42, Chancery Act, provides, among other things, that the court may make such decree and may enforce the same "by causing possession of real and personal estate to be delivered to the party entitled thereto . . . and by the exercise of such other powers as pertain to courts of chancery, and which may be necessary for the attainment of justice." In the instant case the right of possession was the gist of the proceeding. This was the objective of the suit at law brought by the Liebmans in the municipal court, which the complainants by this bill for an injuction sought to prevent. Thereupon the defendants in the chancery proceedings filed their cross-bill seeking affirmative relief by asking that they be granted immediate possession of the premises involved. The decree found that the right to immediate possession was in the cross complainants and ordered the cross defendants here immediately to surrender possession and that upon their refusal the cross complainants should be entitled to a writ of assistance.

The cases cited which require service of a copy of the decree with demand for possession are, for the most part, foreclosure proceedings where the purchaser at the foreclosure sale, who might be a stranger to the proceedings, was demanding possession. Furthermore, such a purchaser is not entitled to possession until he receives a deed and it would be reasonable that he should serve notice after he receives the deed asking the court to adjudicate, for the first time, his right to possession. In the cases where the court requires notice, the reason for this is that the chancellor may judge the propriety of awarding the writ. That is not this case. Here, the propriety for the issuance of the writ had been settled by the decree and there is no reason or necessity for serving a copy of the decree upon the cross defendants with demand for possession and having a new hearing thereon.

We do not find any cases in this State precisely in point. In *Harney v. Morton,* 39 Miss. 508, the decree found that certain litigants were entitled to possession and it was held that notice of the application therefor would be useless as between the parties and those claiming under them. This was followed in *Gardner v. Duncan,* 104 Miss. 477, where it was held that after the decree settled the right of possession a writ of assistance, which is equivalent to a writ of *habere facias possessionem,* issues as a matter of course without notice.

Although we have considered this appeal upon its merits as if it were properly before us, we are of the opinion that the order appealed from is not appealable. The decree which settled the rights of the party was a final, appealable order, but no appeal was taken from this. The order for the writ of assistance was issued to effectuate the decree and was predicated thereon. The last order in a case is not necessarily appealable, as such orders frequently follow merely for the purpose of carrying out or executing the matters which have been determined by the final decree. *Myers v. Manny,* 63 Ill. 211; *Allison v. Drake,* 145 Ill. 500; *St. Louis, I. M. & S. Ry. Co. v. Southern Express Co.,* 108 U. S. 24.

The appeal should not have been allowed and as the order is not appealable the appeal will be dismissed.

*Appeal dismissed.*

MATCHETT and O'CONNOR, JJ., concur.