(No. 39754.—

ALBERT SCHUMAN *et al.,* Appellees, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, PHILLIP B. ROBINSON and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellant.

RALPH R. MICKELSON, of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

A complaint was filed by plaintiffs to review a final

assessment by the Department of Revenue under the Retailers' Occupation and Municipal Retailers' Occupation Tax acts. The circuit court of Cook County affirmed the assessments in the sum of $26,987.48. The Department appealed directly to this court from a judgment order vacating the former judgment since the public revenue is involved.

There is no issue of fact. The record of proceedings filed by the Department included the final assessments. Each had a blank line for the signature of the Director of Revenue but neither was signed. The certificate of the Director attached to the record filed as the answer to the complaint certified that the copies of the various documents, including the final assessments, were true and correct copies of the records in his custody.

The sole ground for setting aside the judgment was that the signature of the Director (or someone acting on his behalf) was an essential jurisdictional requirement and absent such a signature the proceeding before the Department was a nullity.

Section 4 of the Retailers' Occupation Tax Act, (Ill. Rev. Stat. 1963, chap. 120, par. 443,) provides that after a hearing, if requested by a taxpayer, a final assessment shall issue to him showing the amount found to be due. Section 1 of the Municipal Retailers Occupation Tax Act, (Ill. Rev. Stat. 1963, chap. 24, par. 8—11—1) places its administration and enforcement in the Department of Revenue using similar procedure. Neither of the acts contains a requirement that the final assessments be signed by the Director or anyone else.

Following hearings on the proposed assessment, final assessments were issued to the plaintiff giving notice of the fact that the assessments had been made and their nature and amounts. This was all that was required by the governing statutes.

*Department of Finance* v. *Goldberg,* 370 Ill. 578, which held that a hearing officer's report alone was not a final ad-

ministrative decision is not applicable here. The Director's certification of the records shows that the final assessments were in fact made and were not the mere report of the hearing officer. Such cases as *People ex rel. Preisel* v. *New York Central Railroad Co.* 375 Ill. 574, and *People ex rel. Schmulbach* v. *Illinois Central Railroad Co.* 400 Ill. 303, are not persuasive. They pertained to cases where the town clerk failed to follow the statute which provided that a certificate of levy be filed with the county clerk.

We are of the opinion that the signature of the Director was unnecessary to make these "final" assessments final and that the judgment affirming the Department's final assessments must be reinstated. In view of this holding, it is unnecessary to consider the Department's contentions that plaintiffs failed to raise lack of signature as a defense and that the original judgment was conclusive against collateral attack even if the complaint be treated as filed under section 72 of the Civil Practice Act.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*