RICHARD B. HARTY, Plaintiff-Appellee, v. WILLIAM J. KIRBY, Defendant-Appellant.—(BRENTWOOD NURSING AND CONVALESCENT HOME, INC., Defendant.)

(No. 61140;

First District (5th Division)—February 14, 1975.

Robert D. Bjork, of Chicago, for appellant Kirby.

Daniel Andrew Gallagher, of Chicago, for appellee Harty.

Richard J. Troy, of Chicago, for defendant Brentwood Nursing and Convalescent Home.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This cause arose out of a suit for specific performance of an option agreement to purchase 50 shares of stock in Brentwood Nursing and Convalescent Home, Inc. (Brentwood). A suit for an accounting between the same parties was consolidated with this cause. After a trial, the court

on June 14, 1974, entered its order finding for plaintiff, Richard B. Harty, and against defendant, William J. Kirby, allowing plaintiff 60 days from the entry of the order to make a proper tender of the sum specified in the contract; whereupon, defendant was to transfer to plaintiff the stock in question. Further, the court found certain sums of money were due and owing between the parties on various accounts, including $22,766.41 due from plaintiff to Brentwood. Finally, the court held:

> "That this court hereby retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of carrying out this Decree; except for enforcement thereof, this Decree is the final determination of the issues in this consolidated action and there is no just reason for delaying an appeal therefrom."

No appeal was taken from this order.

Thereafter, defendant failed to accept the tender of payment and to transfer the stock in question. The plaintiff then returned to court and obtained the following order dated August 21, 1974:

> "It is hereby ordered that said defendant, WILLIAM J. KIRBY, shall appear in person before this court on September 23, 1974, at 10:30 a.m., and upon being given a cashier's check by said plaintiff, RICHARD B. HARTY, for $17,181.83 the said defendant, WILLIAM J. KIRBY, shall delivered at once to the said RICHARD B. HARTY a certificate in proper form for fifty (50) shares of the said nursing home stock purchased by the said defendant WILLIAM J. KIRBY from THOMAS DOYLE."

On September 19, 1974, defendant filed his notice of appeal, in which he asks that the order of August 21, 1974, be vacated and that this court enter an order dismissing the petition of plaintiff, because plaintiff failed to pay or tender to Brentwood the sum of $22,766.41 found due under the decree entered June 14, 1974. Plaintiff moved to dismiss the appeal as not being timely filed.

■■ It is axiomatic that a judgment, order or decree from which an appeal could have been taken may not be reviewed on appeal from a subsequent order entered in the cause. As stated in 2 I.L.P. *Appeal and Error* § 654 (1953):

> "A judgment, decree, or order from which an appeal could have been taken cannot be reviewed or considered on an appeal from a subsequent judgment, order, or decree where the right to appeal from the former judgment or order has been lost. Thus a final order or judgment will not be considered on appeal from an order merely incidental to carrying out of the final order or judgment." (Footnotes omitted.)

That the order of June 14, 1974, was a "final" order is clear from the

statement to that effect in the decree. In support of the propriety of that finding, we note that *Deckard v. Joiner*, 44 Ill.2d 412, 255 N.E.2d 900, *cert. denied*, 400 U.S. 941, 27 L.Ed.2d 244, 91 S.Ct. 232, enunciated the following rule:

> "[A] determination is final \* \* \* if it finally disposes of the rights of the parties, either on the entire controversy or a separate branch thereof [citations], and \* \* \* where matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the judgment or decree. [Citations.]" 44 Ill.2d 412, 416-7.

■■ Accordingly, we believe the order of June 14, 1974, was a final adjudication of the rights between the parties as expressly stated in that decree. Because no appeal was taken, we have no jurisdiction to review that order; thus, we will not entertain any discussion of the rights of the parties in the accounting decreed in the June 14 order or the rights of the parties to the stock in question.

However, the wording of appellant's notice of appeal raises the question of whether, while not disputing the rights of the parties as declared in the court's decree, defendant may interpose as a defense to his compliance with the decree the failure of plaintiff to perform those portions of the decree compelling his payment to Brentwood. It would seem that this issue is not properly before this court.

■■ The order of August 21, 1974, did no more than require defendant to appear before the court on a certain date. It did not in and of itself "finally [dispose] of the rights of the parties, either on the entire controversy or a separate branch thereof." (*Deckard.*) Defendant could have appeared and complied with the court's order. He could have refused to appear—or appeared and refused to comply with the order. In any event, the order necessarily envisions further action by defendant and a response to that action. The August 21 order does not in and of itself, dispose of any rights of the parties in any manner. Thus, it is not a "final judgment" under Supreme Court Rule 301, from which an appeal may properly be brought (Ill. Rev. Stat. 1973, ch. 110A, par. 301), and this court is without jurisdiction to entertain the appeal. The motion to dismiss is granted.

Appeal dismissed.

DRUCKER and LORENZ, JJ., concur.