CHAMPAIGN COUNTY BANK AND TRUST COMPANY, Plaintiff-Appellant,
v. DAVID C. BREWER et al., Defendants-Appellees.

Fourth District   No. 14635

Opinion filed August 25, 1978.

Donald R. Aldeen, of Meyer, Capel, Hirschfeld, Muncy, Jahn & Aldeen, of Champaign, for appellant.

Dobbins, Fraker & Tennant, of Champaign (D. Cameron Dobbins, of counsel), for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff bank appeals from an order of the circuit court, entered

pursuant to a rule to show cause, finding that the bank wilfully and contumaciously refused to pay the sheriff the amount of its bid of the sale on execution, adjudging that such refusal to pay the sheriff constituted wilful and contumacious contempt of court, ordering that the bank shall pay the amount of the bid and interest within 5 days, and that upon refusal to so pay the bank will be fined $100 per day. The trial court made a finding that there was no just reason to delay appeal or enforcement of the order.

The bank also seeks to appeal from the order of the trial court, dated August 11, 1977, which:

> "* * * in effect, confirmed a Sheriff's sale of real estate held pursuant to an Order of the Court of January 14, 1977, which said sale Plaintiff-Appellant contends was illegal and invalid; * * *."

And:

> "Plaintiff-Appellant prays that said Order be declared null and void and be set aside, rescinded and held for naught, and further that the Court declare said Sheriff's sale illegal, invalid, and void."

In February 1974, the bank sued to foreclose a mortgage joining as defendants, Brewer, as mortgagor, McPherson, president of the bank who held a second mortgage, and Thompson Lumber Company, a judgment creditor of Brewer. At the time of such suit, the construction upon the mortgaged real estate had been abandoned, and there was the possibility that the premises would be declared a nuisance.

In August 1974, the trial court entered judgment upon foreclosure in favor of the bank in the amount of $33,427.42, and found existing liens as judgment creditor against the Brewers in favor of McPherson in the sum of $5,366.13, and Thompson in the sum of $17,261.38. On October 4, 1974, the bank purchased the property for debt interest and costs in the sum of $35,988.00, and a certificate of sale was issued. The bank procured a quit-claim deed and assignment of the right of redemption from Brewer. Thompson refused to sign its right of redemption.

On January 21, 1975, Thompson wrote to the bank informing it that Thompson was contemplating redemption of Lot 44. Although not reflected by the record, at that time the residence being constructed on Lot 44 was approximately 90 percent to 95 percent complete and had an estimated market value of $80,000.

On March 26, 1975, the bank executed a promissory note in favor of Ross J. Trippiedi, a vice president of the bank, as trustee, in the amount of $80,000, and a trust deed in his favor covering Lot 44, but no money changed hands. The note covered expenses of constructing the residence on Lot 44.

The next day, March 27, the bank recorded the Trippiedi trust deed and, together with McPherson, as trustee, obtained a judgment by confession in the sum of $5,826.72 against the Brewers in cause No. 75-

L-249 in the circuit court of Champaign County. The judgment was rendered on the Brewers' promissory note which had been secured by the second mortgage in McPherson's favor. Execution was issued and placed in the hands of the sheriff of Champaign County, who levied against Lot 44 on March 31, 1975.

On this latter date, the bank executed a receipt in favor of McPherson, as trustee, for the amount of the sale price of Lot 44 plus interest. In actuality, no funds were paid by McPherson to the bank. The bank presented this evidence of payment to the sheriff who issued a certificate of redemption to McPherson, which was recorded. Although not reflected of record, the certificate recited that McPherson was redeeming as a judgment creditor.

On April 4, 1975, Thompson filed, in the circuit court, a petition for additional relief wherein it prayed that the court order the sheriff of Champaign County to distribute the proceeds from any sale of Lot 44: (1) To satisfy the costs of the sale, (2) to McPherson, as trustee, the redemption sum plus interest, (3) to the bank and McPherson, as trustee, the amount of the confessed judgment plus interest, and (4) to Thompson, the amount of its judgment lien plus interest. Thompson contended that by virtue of McPherson's redemption the sheriff was required by the terms of section 20 of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, par. 20), to offer Lot 44 for sale. The bank answered to Thompson's petition on May 2, 1975, denying the applicability of section 20 and that the sheriff was required to sell Lot 44.

As an affirmative defense, the bank listed the sums it had expended to improve Lot 44 and prayed by way of answer that, in the event that the court held that Lot 44 had to be sold, the sheriff should in all equity be required to distribute the proceeds: (1) To satisfy the costs of the sale, (2) to the bank and Trippiedi, as trustee, and to John Kenny, the building contractor, the sum of $56,615.72, being the amount of funds expended by the bank for construction, (3) to McPherson, as trustee, the amount of the confessed judgment plus interest, and (4) to Thompson, the amount of its judgment lien plus interest. Thompson replied to the bank's affirmative defense and answer and interposed an affirmative defense of its own.

On December 1, 1976, Thompson filed a motion to fix the date for sheriff's sale. The bank filed certain motions to stay the sale, but at a hearing on January 14, 1977, the court granted Thompson's motion and ordered the sale of real estate on February 17, 1977. Thompson procured the publication of notice of sale on three (3) successive Sundays. At a sale held on February 17, 1977, Thompson bid the sum of $70,000. The bank, through its attorney, bid $70,001, but has refused to pay the amount of this bid. This appeal follows the order of the trial court holding the bank to be in contempt and imposing a fine upon failure to pay the amount of the bid by the bank.

■■ The rule is that one must comply with a court order unless such order is utterly void, and it is no defense in a contempt proceeding to show that the order was merely erroneous. If the court had jurisdiction of the subject matter and of the parties to the proceeding, then its order must be obeyed until such time as it is set aside by the issuing or reviewing court. Jurisdiction of the subject matters means the power of that particular court to hear the type of case that is then before it. *Faris v. Faris* (1966), 35 Ill. 2d 305, 220 N.E.2d 210; *Cummings-Landau Laundry Machinery Co. v. Koplin* (1944), 386 Ill. 368, 54 N.E.2d 462.

The bank first argues that Thompson should not be permitted to have a sale upon his execution for the reason that McPherson should now be deemed to have redeemed as a defendant in the bank's foreclosure suit, rather than as a judgment creditor. Section 18e of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, par. 18e) permits a party-defendant in a foreclosure suit to redeem by paying the amount bid and interest for the benefit of the purchaser. Section 24a provides that if a defendant so redeems, further redemption by judgment creditors is terminated.

Section 20 of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, par. 20) provides that a judgment creditor may redeem in the following manner:

"* * * or (e) when any sale is had under any decree of foreclosure whereby the rights of defendants, their heirs * * * or any person interested in the premises, through or under the defendants, are governed by the provisions of Section 18e of this Act, as amended, and redemption is not made pursuant to Section 18e of this Act, as amended, any decree or judgment creditor * * * may * * * redeem the premises in the following manner: such creditor, so entitled to redeem, * * * may sue out an execution upon his judgment or decree, and place the same in the hands of the sheriff or other proper officer to execute the same, * * * whereupon such officer shall make and file in the office of the recorder of the county in which the premises are situated a certificate of such redemption, and shall advertise and offer the premises for sale under said execution as in other cases of sale or execution."

It is the position of Thompson that McPherson redeemed as a judgment creditor and that the statute requires that the sheriff proceed to advertise and offer the premises for sale under the execution.

The stipulation of facts filed in the trial court recites that McPherson obtained a judgment of confession and procured execution and levy, and that the bank executed a receipt to McPherson for debt and interest and a certificate of redemption was issued to McPherson and recorded. It is stipulated that he made no payment to the bank. Plaintiff admits that the certificate of redemption recites that McPherson redeemed as a

judgment creditor. The bank appears to argue that it should now be permitted to elect to treat its redemption as if made by a defendant in foreclosure as provided in sections 18e and 24a of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, pars. 18e and 24a).

■■ We agree with Thompson that the bank is seeking relief upon an appeal under a theory that was not presented to the trial court. It is further noted that a judgment creditor should be permitted to rely upon the record of the proceedings conducted by the court and not be defeated by a matter not disclosed by such record.

McPherson, as trustee, procured a judgment by confession against Brewer in a cause designated No. 75-L-249. Upon such judgment, McPherson then procured levy of execution and a certificate of redemption pursuant to section 20 of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, par. 20).

■■ The bank argues that Thompson had no standing to move the court to fix a sale date since Thompson was not a party to cause No. 75-L-249, and that the trial court's order fixing such sale date was erroneous. The trial court's order fixing sale dates was entered pursuant to its order of February 17, 1976, fixing priorities among judgment creditors. The bank's prior appeal of such order was dismissed. While the bank appears to argue that Thompson cannot redeem under section 20 (Ill. Rev. Stat. 1975, ch. 77, par. 20), because he could not obtain an execution in that cause, we conclude that Thompson may proceed under the statute just as McPherson proceeded.

■■ The bank urges that the sale upon the Thompson execution was invalid because publication was had on three (3) successive Sundays. The bank was represented and participated in the sale and does not now assert actual prejudice. Assuming *arguendo*, the presence of illegality, such fact is not reversible absent a showing of prejudice to a substantial interest. *Hruby v. Steinman* (1940), 374 Ill. 465, 30 N.E.2d 7; *Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72.

Section 14 of "An Act in regard to judgments and decrees * * *" (Ill. Rev. Stat. 1975, ch. 77, par. 14) provides for the publication of notice upon the sale of real estate. No inhibition or proscription of Sunday publication is stated. Chapter 100 (Ill. Rev. Stat. 1975, ch. 100) provides generally for the publication of notices and defines newspapers for purposes of publication. No provision excludes publication on Sunday. In *Pederson v. Logan Square State & Savings Bank* (1941), 377 Ill. 408, 36 N.E.2d 732, it was held that a service of summons on Sunday was legal. We can find no significant difference between the service of summons and the publication of notice and conclude that the bank's argument is without merit.

■■ The decree of foreclosure procured by the bank found the existing liens of the parties. The motion of Thompson to fix such priorities was entered on February 17, 1976, and was consistent with the decree of foreclosure. By its petition in the trial court the bank sought to procure relief as to expenditures made to improve the premises. The trial court's ruling was based upon a stipulation of facts and written briefs. The bank's appeal from such order was dismissed for want of timely notice of appeal. Having failed to file a timely notice of appeal, the issue cannot now be raised on this appeal. *Harty v. Kirby* (1975), 26 Ill. App. 3d 688, 325 N.E.2d 406; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 306 N.E.2d 510.

The judgment of the trial court is affirmed.

Affirmed.

REARDON, P. J., and MILLS, J., concur.