ESTATE OF ALBERT KRAKOW, Deceased, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (1st Division)    No. 80-445

Opinion filed January 26, 1981.—Rehearing denied February 23, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellant.

Richard J. Short, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The Illinois Department of Revenue (Department) filed two tax claims in the estate of Albert Krakow, deceased (decedent). The probate division granted summary judgment in favor of the executors denying these claims. The Department appeals.

Prior to his death on December 13, 1977, decedent had been the sole proprietor of a business known as "1000 Liquors." On January 26, 1978, decedent's will was admitted to probate and letters of office were issued. The last date for filing claims against the estate was July 26, 1978. Ill. Rev. Stat. 1979, ch. 110½, par. 18—12.

The claims at issue here were filed by the Department on July 25, 1978. One claim for $24,021.20 was described as:

"(1) Tax, with accrued interest and penalties, to the date of death of the deceased, as a person.

(A) engaged in the business of selling tangible personal property for use or consumption, measured by the gross receipts from such sales."

The other claim for $26.24 was described as:

"1. Tax with interest accrued to date, as an employer who withheld or was required to withhold and to pay over to the Illinois Department of Revenue, Illinois State Income Tax unpaid to date of death.

A. An unpaid balance at the date of death."

On September 14, 1978, the Department issued a notice of tax liability. The notice was issued to "Albert Krakow, dba 1000 Liquors" at decedent's business address. The notice showed copies thereof were sent to the executors at their home addresses and also to both of their attorneys. The notice also stated the returns as corrected showed a State Retailers' Occupation Tax deficiency of $16,931.24 plus penalty and interest and a municipal tax deficiency of $4232.81 plus penalty and interest, from July 1975 through December 12, 1977. The combined, total liability was $27,227.85.

On July 6, 1979, the executors filed a motion for summary judgment in the probate division. The executors averred they had filed in the Department a motion to dismiss the claims. On April 11, 1979, the Department denied this motion by a letter from James Zagel, director. The letter stated, "[I]t is the opinion of this office that the Department's claim before the Probate Court has been properly filed." The motion for summary judgment also states the claims of $26.24 and $24,021.20 are contingent, the notice of tax liability was not issued prior to the expiration of the date for filing claims, and the notice was not issued to the executors as required by law.

The motion was supported by an affidavit by one of the executor's attorneys. It stated the notice of tax liability was not issued prior to the last claim date and no notice or demand or correction of returns for any amount was received by the executors prior to that date.

The record before us shows the Department has completed the hearings on the issue of tax liability on these claims. The Director of Revenue conducted a hearing on September 11, 1979, and allowed both claims. The brief of the executors shows they have waived the statutory right of administrative review in the circuit court.

On January 18, 1980, the probate division granted summary judgment for the executors and denied the tax claims. The court pointed out the notice of tax liability was issued "after the statutory claim period expired" and "not issued to the administrator, executor or other legal representative of the estate as required by [statute]." The contentions of the parties in this court are directed to these two matters.

I.

Section 18—12 of the Illinois Probate Act (Ill. Rev. Stat. 1979, ch. 110½, par. 18—12(a)) provides:

"All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed with the representative or the court within 6 months after the entry of the original order directing issuance of letters of office are barred as to all of the decedent's estate * * *."

In addition, the Revenue Act expressly allows claims against a decedent who dies before the Department issues its notice of tax liability. (Ill. Rev. Stat. 1979, ch. 120, par. 443.) All such claims shall be filed "in the manner prescribed and within the time limited by the Probate Act of this State." Ill. Rev. Stat. 1979, ch. 120, par. 444.

In the case before us, the letters of office were issued January 26, 1978. Accordingly, under the above-quoted statute, the last date for filing claims against the estate was six months thereafter, July 26, 1978. The two claims here involved were filed on July 25, 1978. Thus, the claims were timely filed.

It seems to us a proper solution of this issue must necessarily commence from the premise that there is in law a complete separation of the requirements for the filing of a claim in the probate division and the steps which must be taken by the Department in obtaining payment of delinquent taxes. The requirements of the probate division are set forth in chapter 110½ of the Revised Statutes under Probate. The requirements imposed upon the Department are set forth in chapter 120 under Revenue. It is legally impossible to intermingle these subjects which are totally distinct each from the other, much as oil and water or east and west.

In the instant case, as shown above, the Department complied with the pertinent statute regarding the time for filing claims. (Ill. Rev. Stat. 1979, ch. 110½, par. 18—12(a).) In addition, the statute provides specifically, "A claim against a decedent's estate that is not due may be filed and allowed and paid out of the estate as other claims * * *." (Ill. Rev. Stat. 1979, ch. 110½, par. 18—4.) Thus, although a claim which is subject to a contingency may not be filed and allowed, it has been expressly held that where the liability is fixed and uncontingent the claim may be filed and will be allowed for such amount as may appear actually due. Thus, in In re Estate of Lloyd (1963), 44 Ill. App. 2d 215, 194 N.E.2d 525, this court permitted the filing of a claim predicated upon a contract for sale of real estate to the decedent, citing the pertinent statute last above quoted. In the instant case the claims were properly filed in the probate division.

On the other hand, the issue of the amount for which the claim should have been allowed is to be determined by the final disposition of the

claim of the Department in accordance with the provisions of the Revenue Act. In this type of situation, the claim of the Department should have been allowed in such amount as should appear to be due in accordance with the directives of the Revenue Act.

■■ The executors urge in their brief the claim of the Department could not be contested in the probate division. That statement is legally correct. The proper forum for determining the merits of the claim of the Department for taxes is fixed by the Revenue Act. The Department filed corrected returns and issued a notice of tax liability. The Revenue Act provides that returns thus corrected "shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown therein." Also, this correction may be proved "in any legal proceeding by a reproduced copy of the Department's record * * *." Ill. Rev. Stat. 1979, ch. 120, par. 443.

In the case before us, the record shows the executors were fully aware of the requirements of the Revenue Act. They were represented by experienced and able counsel. After complete hearings before the Department, the executors elected to waive their statutory right of administrative review in the circuit court. (Ill. Rev. Stat. 1979, ch. 110, par. 265.) In *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, 220, 311 N.E.2d 691, the court set forth the legal consequences of the waiver of administrative review:

> "It is clear from our decisions that if a proceeding is not brought under the Administrative Review Act for judicial review of the Department's final assessment the assessment will be conclusive as to all questions affecting its merits. A defense as to the merits of the case must be raised through administrative review or it will be considered waived. [Citations.]"

It follows the merits of the tax claims of the Department were completely adjudicated and the amounts specified therein are presently due and owing to the Department.

## II.

■■ The next issue is sufficiency of the notice sent out by the Department. The applicable portion of the Revenue Act provides (Ill. Rev. Stat. 1979, ch. 120, par. 443):

> "If the person filing any return dies or becomes incompetent at any time before the Department issues its notice of tax liability, such notice shall be issued to the administrator, executor or other legal representative, as such, of such person."

The executors urge the notice was issued to a deceased person and this did not constitute sufficient service. We disagree.

Although the notice is directed to the deceased, the notice shows

upon its face that copies thereof were sent to each of the executors at their home addresses, to their attorney of record in the probate proceedings, and to the attorney appearing for the executors in this court. There is no affidavit or other statement to hint in this record that the notice failed to come to the attention of the proper parties in interest. On the contrary, the executors and their able counsel had no problem in presenting the merits of their case to the Department and to the probate division.

In a situation of this type, the claims of the Department should not be denied upon this hypertechnical basis. In our opinion, the Department complied substantially with the quoted statute and the claims were in fact "issued to" and directly brought to the attention of the executors and their counsel.

In *Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72, *appeal denied* (1976), 63 Ill. 2d 562, this court first considered the statutory time requirement for appeal from a decision of the Commerce Commission. The court construed this requirement strictly. (37 Ill. App. 3d 909, 911.) However, in considering the service of notice of a denial of a petition for rehearing, the court held the requirement would not be strictly enforced since the affected parties had actual notice and could not show prejudice. 37 Ill. App. 3d 909, 912.

Analogously, in *Champaign County Bank & Trust Co. v. Brewer* (1978), 63 Ill. App. 3d 490, 494, 380 N.E.2d 54, this court dealt with sale of real estate under an execution after publication on three successive Sundays. The court noted that, even assuming illegality, "such fact is not reversible absent a showing of prejudice to a substantial interest." (63 Ill. App. 3d 490, 494.) The courts of Illinois have applied a rule of reason in determining the sufficiency of these types of notices. In *Schuman v. Department of Revenue* (1966), 35 Ill. 2d 425, 427, 220 N.E.2d 430, the court rejected a contention that unless the notice of final assessment was signed by the director of revenue in the space provided, the trial court lacked jurisdiction.

We conclude the service of notice herein was proper and sufficient.

Accordingly, the judgment appealed from is reversed and the cause remanded with directions to allow both claims in such amounts as may appear to be legally due in accordance with the corrected determinations made by the Department.

Judgment reversed; cause remanded with directions.

McGLOON and CAMPBELL, JJ., concur.