THE BANK OF RAVENSWOOD, Plaintiff-Appellee, *v.* MICHAEL
MAIORELLA *et al.*, Defendants.—(ROBERT McNAMARA,
Defendant-Appellant.)

First District (5th Division)    No. 80-3032

Opinion filed March 12, 1982.

Robert McNamara, of Chicago, for appellant, *pro se.*

Paul M. Lukes, of Hoellen, Lukes & Halper, of Chicago, for appellee.

JUSTICE WILSON delivered the opinion of the court:

Defendant, Robert McNamara, appeals from all orders entered in this matter. While he has not properly enumerated the issues for review, we glean that defendant essentially believes that he was defrauded of his property and trust. However, we must preliminarily determine whether defendant has properly preserved this matter for appeal. The essential facts follow.

An action to foreclose the mortgage on property located at 5448 North Nagle was instituted on August 29, 1972. Defendant thereafter filed a counterclaim against plaintiff, Michael and Violet Maiorella and certain other individuals. Numerous pleadings were filed in the intervening years and on August 4, 1978, plaintiff filed a motion for summary judgment to defendant's second amended counterclaim. In January 1979, this motion was granted on behalf of all counterdefendants, and the second amended counterclaim was dismissed for lack of equity.

Subsequently, defendant filed a "petition to vacate and set aside" the January 16, 1979, order, or in the alternative, petition for rehearing and leave to respond to plaintiff's motion for summary judgment. This petition was denied on November 7, 1979. Defendant did not appeal this order within the 30-day period. However, on January 4, 1980, defendant filed with the trial court a motion for extension of time to file notice of appeal wherein he sought leave to file an appeal of the January 16, 1979, and November 7, 1979, orders. The court denied this motion on January 14, 1980, finding that it lacked jurisdiction to hear this motion. Defendant filed a notice of appeal on this denial.

On February 21, 1980, a judgment for foreclosure and sale was entered against defendant, which was a final order. Defendant did move to vacate the judgment and/or stay its execution, however, the record does not disclose any ruling on this motion and no notice of appeal was filed.

Sale of the property in question was held on April 3, 1980, with plaintiff being the successful bidder. An order approving the sheriff's report of sale and distribution was signed on April 29, 1980, and no appeal was taken from this order. An order of writ of assistance was entered on November 10, 1980, and defendant was evicted from the premises on November 14, 1980. Defendant filed his notice of appeal on November 21, 1980.

OPINION

Preliminarily, it should be noted that plaintiff questions the jurisdiction of this court to consider the propriety of the trial court's orders entered before November 10, 1980, and the order of writ of assistance entered on November 10, 1980.

An order or judgment disposing of or terminating the litigation or some definite part of it on the merits of the cause is final and appealable (*Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1975), 36 Ill. App. 3d 606, 344 N.E.2d 554), and notice of appeal must be filed within 30 days after the entry of the final judgment appealed from or within 30 days after entry of an order disposing of a timely post-trial motion. (Ill. Rev. Stat.

1979, ch. 110A, par. 303(a).) Further, any judgment, order or decree from which an appeal could have been taken may not be reviewed on appeal from a subsequent order entered in the matter. (*Harty v. Kirby* (1975), 26 Ill. App. 3d 688, 325 N.E.2d 406; 2 Ill. L. & Prac. *Appeal & Error* §654 (1953).) Where no timely appeal is taken from a final and appealable order this court is without jurisdiction to consider the propriety of that order. *Kovacevic v. City of Chicago* (1977), 47 Ill. App. 3d 674, 365 N.E.2d 104.

■■ ■ Accordingly, all final orders entered prior to November 21, 1980, are precluded from being considered by this court. This would encompass (1) the order of summary judgment entered in favor of all counterdefendants on January 16, 1979, which specifically included language that it was final and appealable; (2) the judgment for foreclosure and sale entered on February 21, 1980, which also specifically included language as to its finality; and (3) the order approving the sheriff's report of sale and distribution dated April 29, 1980. The only order defendant timely appealed from was the writ of assistance entered on November 10, 1980. However, this writ was only incidental to the ultimate rights already adjudicated and not timely appealed from in this matter. (See *Harty v. Kirby*.) Having failed to file a timely notice of appeal in those matters which finalized rights, we cannot entertain discussion of the rights of the parties on appeal. (*Champaign County Bank & Trust Co. v. Brewer* (1978), 63 Ill. App. 3d 490, 380 N.E.2d 54.) The writ of assistance followed merely for the purpose of carrying out or executing the matters which had been determined by the previous orders. (*Perrell v. Liebman* (1930), 257 Ill. App. 133.) As such, we must dismiss this appeal.

■■ Moreover, defendant's brief is deficient in a number of respects. (See Ill. Rev. Stat. 1979, ch. 110A, par. 341.) It does not list the issues for review, or provide a statement of the facts. This brief also does not contain any points or authorities or statement of appellant's argument. A reviewing court is entitled to have issues clearly defined, to be cited pertinent authorities, and is not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research upon the court. (*Thanopoulos v. Pickens* (1980), 87 Ill. App. 3d 906, 409 N.E.2d 477.) Failure to properly or informatively state errors relied upon for reversal makes it impossible for a reviewing court to determine issues sought to be raised and justifies dismissal of the appeal. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 371 N.E.2d 294.) As such, where a brief submitted by defendant on appeal fails to articulate an organized and cohesive legal argument for the court's consideration and fails to comply with Supreme Court Rule 341, in that it contains no introductory paragraph, statement of facts, citation of

points and authorities and legal arguments, the appeal must be dismissed. *47th & State Currency Exchange, Inc.*

While we are sympathetic to defendant's plight in this matter, our hands are legally bound, and we cannot reach the merits of his appeal. For the reasons enumerated above, this appeal must be dismissed.

Appeal dismissed.

SULLIVAN, P. J., and MEJDA, J., concur.