PETER ANEST *et al.*, Plaintiffs-Appellees, v. RICHARD BAILEY *et al.*, Defendants-Appellees (M. Michael Ivans *et al.*, Defendants-Appellants).—M. MICHAEL IVANS *et al.*, Plaintiffs-Appellants, v. RICHARD BAILEY, Defendant-Appellee.

Second District    Nos. 2—93—0313, 2—93—0509 cons.

Opinion filed July 14, 1994.—Rehearing denied August 17, 1994.

James T. Magee, of Magee, Negele & Associates, of Round Lake, and Douglas E. Zeit, of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., of Waukegan, for appellants.

Clayton P. Voegtle, of Voegtle & Lichter, of Libertyville, for appellees Richard Bailey, Eunice Bailey, and Ronald Cunningham.

John C. Baumgartner, of Churchill, Baumgartner & Phillips, Ltd., of Grayslake, for other appellees.

JUSTICE QUETSCH delivered the opinion of the court:

This case concerns the respective rights of Peter and Thalia Anest, Richard Bailey and M. Michael Ivans to approximately 208 acres of land in Lake County. On March 3, 1993, the trial court entered an order granting a motion by Bailey to enforce the court's

prior judgment awarding the Anests specific performance of a contract to purchase the property from Bailey and ordering Ivans to convey the property to the Anests. In its March 3 order, the trial court also denied three motions filed by Ivans respectively seeking: (1) to vacate the judgment awarding specific performance; (2) to strike Bailey's motion to enforce the judgment; and (3) to dismiss the action. On April 13, 1993, the trial court entered an order imposing sanctions on Ivans pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). Ivans separately appealed from the orders of March 3, 1993, and April 13, 1993, and we consolidated the appeals.

The history of the dispute among the Anests, Bailey and Ivans is as follows. Ivans owns the property in question as beneficiary of a land trust pursuant to a trust agreement with the State Bank of Antioch, as trustee. In May 1986, Ivans leased the property to Bailey for a term of approximately five years expiring on April 30, 1991. A rider to the lease provided Bailey with the option, during the term of the lease, to purchase the property from Ivans pursuant to the terms of a separate written contract purportedly attached to the lease. That written contract does not appear in the record. The lease rider specified that the price for the property was to be $5,000 per acre if the sale closed before May 1, 1990, and $5,250 per acre if the sale closed on or after May 1, 1990. In November 1988, Bailey entered into a written contract to sell the property to the Anests for $5,400 per acre. In January 1989, the Anests brought suit against Bailey for specific performance of the contract. While Bailey initially obtained a summary judgment in his favor on the basis of his argument that the Anests had failed to tender the earnest money required under the contract in a timely manner, we reversed and remanded the case for further proceedings. *Anest v. Bailey* (1990), 198 Ill. App. 3d 740 (hereinafter *Anest I*).

During the pendency of *Anest I*, Ivans initiated a forcible entry and detainer action against Bailey, alleging that Bailey breached certain covenants and conditions of the lease agreement. On remand following our decision in *Anest I*, the trial court granted the Anests leave to file an amended complaint joining Ivans as an additional defendant in their specific performance action. Subsequently, Ivans' forcible entry and detainer action was consolidated with the Anests' specific performance action. The Anests moved for summary judgment on their claim for specific performance. The trial court granted the Anests' motion and entered summary judgment in their favor against Bailey and Ivans on February 27, 1991. The trial court also dismissed Ivans' forcible entry and detainer action against Bailey as moot. Among other things, the order directed Bailey to obtain

a current survey of the property and to secure a commitment for title insurance. The order further directed that when those tasks were accomplished, the parties were to close the transaction, or establish an escrow for that purpose. Upon closing, possession of the property was to be delivered to the Anests.

Ivans thereafter filed a motion to reconsider and clarify the February 27 summary judgment order. On April 15, 1991, the trial court denied Ivans' motion to reconsider, but entered an order providing that Ivans was entitled to receive $5,250 per acre for the property. On May 14, 1991, Ivans filed a notice of appeal from the February 27 summary judgment order and the April 15 order denying his motion for reconsideration. On May 15, Bailey filed a "post-trial motion" seeking reconsideration of the April 15 order and requesting that the trial court reduce the amount payable to Ivans to $5,000 per acre. The court granted Bailey's motion on June 5, 1991. On June 25, 1991, Ivans filed a notice of appeal from the trial court's June 5 order.

On appeal Ivans argued that the trial court erred in entering summary judgment against him and further erred in concluding that he was only entitled to $5,000 per acre upon sale of the property. We determined that pursuant to Supreme Court Rule 303(a) (134 Ill. 2d R. 303(a)), Ivans' May 14 notice of appeal was rendered premature when Bailey filed his motion for reconsideration the next day. (*Anest v. Bailey* (2d Dist. 1992), Nos. 2—91—0530, 2—91—0712, cons. (unpublished order under Supreme Court Rule 23) (hereinafter *Anest II*).) We concluded that the June 25 notice of appeal was timely, but since that notice of appeal only sought review of the June 5 order reducing the amount payable to Ivans to $5,000, our review was limited to the issue of the price to be paid to Ivans, and we could not consider Ivans' broader challenge to the propriety of the summary judgment. We agreed with Ivans that he was entitled to $5,250 per acre, and we reversed the June 5 order and remanded to the trial court for further proceedings.

Following remand, on February 17, 1993, Bailey filed a motion to enforce the judgment. Bailey represented that in accordance with the summary judgment order, a survey of the property had been completed, a title commitment had been obtained and an escrow had been established, but Ivans and the State Bank of Antioch, as trustee, had failed to place a deed to the property into escrow. Thereafter, Ivans filed separate motions to vacate the judgment of February 27, 1991, to strike Bailey's motion to enforce the judgment and to dismiss the action. All three motions advanced essentially the same argument: that Bailey had never exercised his option to purchase the

property, and that the option had expired on April 30, 1991, such that Ivans was not contractually obligated to convey the property. Ivans observed that in *Anest II* this court premised its decision that Ivans was entitled to $5,250 per acre in part on the fact that Bailey had not exercised his option before May 1, 1990. In an order dated March 3, 1993, the trial court denied all three of Ivans' motions and granted Bailey's motion to enforce. The order directed the State Bank of Antioch to execute a trustee's warranty deed to Peter and Thalia Anest as joint tenants and deliver the deed to Chicago Title and Trust Company as escrowee. On March 11, Ivans filed a notice of appeal from the March 3 order. Thereafter, on March 29, Bailey filed a motion seeking attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). On April 14, the trial court granted Bailey's motion, awarding the sum of $1,500 to be paid by Ivans' attorney, James Magee. On April 16, Ivans and Magee filed a notice of appeal from the April 14 order. We consolidated the appeals.

## I. THE MARCH 3, 1993, ORDER

We first consider Ivans' appeal from the order of March 3, 1993. Ivans argues that the trial court erred in ordering him to convey the property to the Anests because the option in the Ivans/Bailey lease was never properly exercised. Ivans does not appear to dispute the proposition that if he was obligated to convey the property to Bailey, and Bailey, in turn, was obligated to convey to the Anests, the trial court, in the interest of efficiency, could properly order Ivans to convey directly to the Anests and then allocate the sale proceeds between Ivans and Bailey as if the two transactions had occurred separately. Ivans maintains, however, that because the purchase option in his lease to Bailey was never formally exercised, Ivans was under no legal obligation to sell the property to anyone. Ivans also argues that because the summary judgment order did not adjudicate the "ultimate rights of the parties" under the Ivans/Bailey option agreement, it was not a final judgment. Consequently, Ivans argues, the summary judgment order was not subject to enforcement.

The procedural posture of this case raises the threshold question of the scope of our review in light of Ivans' opportunity to raise various issues in his appeal from the February 27, 1991, summary judgment in *Anest II*. We note that it is well settled that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal and those questions not raised are waived. (*McDunn v. Williams* (1993), 156 Ill. 2d 288, 334; *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 413; *Lee v. Egan* (1989), 184 Ill. App. 3d 852, 854.) The Anests and Bailey contend that

the present appeal is in substance a challenge to the summary judgment order and, as such, is untimely. Ivans' response is twofold. First, as noted above, Ivans maintains that the February 27, 1991, summary judgment order was not a final judgment. Thus, according to Ivans, not only was the summary judgment order unenforceable, but it also was subject to modification by the trial court prior to entry of a final judgment. (See *Rowe v. State Bank* (1988), 125 Ill. 2d 203, 213; *Charter Bank v. Eckert* (1992), 223 Ill. App. 3d 918, 924.) Second, Ivans argues that by its terms the February 27 judgment did not dispense with the contractual requirement that the Ivans/Bailey option be properly exercised, and his obligation to proceed with the transaction remained contingent upon exercise of the option. Accordingly, Ivans contends that in the proceedings to enforce the February 27, 1991, summary judgment he was entitled to raise the failure to exercise the option.

At this point we note that the unusual circumstances of this appeal raise questions about our jurisdiction. An appellate court is under a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440.) Ivans advances no clear theory of our jurisdiction. Indeed, he contends that if he is correct that the February 27, 1991, summary judgment order was not a final judgment, the March 3, 1993, enforcement order would be similarly nonfinal and this appeal would be premature. While the jurisdictional question would ordinarily be our first concern, in this case the issue of jurisdiction is not easily extricated from the merits of the appeal, and an orderly analysis requires that we initially consider the questions of the finality and effect of the February 27, 1991, summary judgment. We will return to the question of appellate jurisdiction in due course.

●1 We first consider whether the February 27, 1991, summary judgment order was a final judgment. A final judgment is one which fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. (*In re Guzik* (1993), 249 Ill. App. 3d 95, 98.) Although his argument is somewhat convoluted, Ivans essentially contends that the summary judgment order did not constitute a final judgment because: (1) there was no finding that the option in the Ivans/Bailey lease was ever exercised; (2) the terms of the contract for the sale of the property from Ivans to Bailey were never established; and (3) various matters relating to closing the transaction (such as responsibility for survey, title insurance and escrow costs, proration of taxes and similar matters) were not resolved. The Anests and Bailey

contend, however, that because in *Anest II* we considered the merits of Ivans' previous appeal from the summary judgment order (following the disposition of post-judgment motions), we implicitly found that a final judgment had been entered, and Ivans may not presently contradict that implicit finding. We agree. In *Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 772-73, we stated:

> "An appellate court is under a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. [Citations.] Even if the issue is not raised by the parties, this court must nevertheless determine the question of its jurisdiction [citations] prior to deciding the merits of an appeal [citation]. Implicit in these rules is the principle that an appellate court's proceeding to the merits of an appeal necessarily contemplates a threshold jurisdictional inquiry and determination. As a question of law before the court, once determined it becomes the law of the case. Moreover, the failure of a court of review to explain its rationale on a jurisdictional issue is irrelevant, 'for the law of the case turns on whether a court previously "decide[d] upon a rule of law" *** not on whether, or how well, it explained the decision.' [Citation.] After due consideration, we hold that our decision to proceed to the merits of the first appeal between the parties implicitly constituted a determination on the issue of appellate jurisdiction thus rendering it the law of the case."

Thus, our decision on the merits of the only issue preserved in a timely notice of appeal in *Anest II* constitutes an implicit finding that a final judgment in this case existed no later than June 5, 1991, when the trial court ruled on the last pending post-judgment motion relating to the February 27 summary judgment. Our refusal in *Anest II* to consider the merits of the summary judgment ruling itself was not due to a lack of finality, but rather was due to Ivans' failure to identify that ruling in his notice of appeal.

Our conclusion is not affected by the fact that the summary judgment order contained a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), which authorizes an appeal from a final judgment as to one or more but fewer than all of the parties or claims in actions involving multiple claims or multiple parties. Ivans suggests that, in view of the Rule 304(a) finding, the summary judgment order might be viewed as a final judgment, but only with respect to "limited aspects" of the case. We disagree. The only claim asserted in the pleadings was the Anests' claim for specific performance brought against Bailey and Ivans. Although the Anests' ultimate right to acquire the property was dependent on Bailey's rights against Ivans, Bailey's right to purchase the property was not pleaded as a distinct claim and was in no way the subject of any inde-

pendent request for relief. The question settled in *Anest II*—the price per acre payable to Ivans—was simply an issue involved in the resolution of the single claim in this case: the Anests' claim for specific performance.

Thus, pursuant to *Hamilton*, the conclusion that the summary judgment was a final judgment is the law of the case. (*Hamilton*, 237 Ill. App. 3d at 773.) We note that the doctrine of law of the case is not necessarily absolute. In *Hamilton*, we quoted with approval a statement by the United States Supreme Court that " '[a] court has the power to revisit prior decisions of its *own* ***, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." ' " (Emphasis in original.) (*Hamilton*, 237 Ill. App. 3d at 773, quoting *Christianson v. Colt Industries Operating Corp.* (1988), 486 U.S. 800, 815-17, 100 L. Ed. 2d 811, 830-31, 108 S. Ct. 2166, 2177-78.) Suffice it to say that in the present case, even if the implicit conclusion regarding finality in *Anest II* was erroneous, it was not *clearly* erroneous, and we have no occasion to depart from the law of the case.

Since the summary judgment was a final judgment, the trial court was required to abide by its terms during the post-judgment enforcement proceedings. Ivans alternatively argues, however, that by its terms the February 27, 1991, order did not dispense with the requirement that the option in the Ivans/Bailey lease be properly exercised. According to Ivans, "[t]he Order did not declare the option as exercised, because it had not been, and this remained to be done." Ivans' view is apparently that the court's order simply declared that if the option was subsequently exercised in a timely manner, the Anests could proceed directly against Ivans. Thus Ivans contends that the issue of whether the option was exercised in accordance with the terms of the lease was properly before the court in connection with Bailey's efforts to enforce the judgment.

As we understand it, Ivans' argument is simply an attempt to address the merits of the summary judgment ruling under the guise of "interpreting" the trial court's order. Ivans is interpreting the order in conformity with his concept of the order the trial court *should* have entered. However, the language of the order speaks for itself. Because the Anests sought specific performance, and the language of the trial court's order awards specific performance, we are hesitant to interpret that order as a mere declaration of future contingent rights. Ivans focuses in part on the findings recited in the trial court's order, advancing an interpretation of those findings consistent with his view of the judgment. We note, however, that "only the decretal

portion of a judgment is operative as a judgment; the rights of the parties are adjudicated by that portion alone and not by the recitals." (*Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 726. See also 46 Am. Jur. 2d *Judgments* § 78 (1969).) It may be appropriate to consider a trial court's findings in the interpretation of an ambiguous or uncertain judgment. (See 46 Am. Jur. 2d *Judgments* § 77 (1969).) But no such ambiguity or uncertainty is present in the case at bar; there can be no dispute as to what the judgment required of the parties. The summary judgment order clearly contemplated that the steps necessary to accomplish the ultimate transfer of the property to the Anests would be taken. The order expressly directed Bailey to obtain a survey and a commitment for title insurance. The order further directed the parties to proceed to a closing or to establish an escrow, and specified that possession would be delivered to the Anests upon closing of the transaction. No language in the order suggests that these obligations were in any way to be conditional upon formal exercise of the option.

•2 Having concluded that the February 27, 1991, summary judgment was a final judgment, and having further determined that the judgment did not condition the Anests' right to purchase the property on the formal exercise of the option in the Ivans/Bailey lease, we may now consider the claims of error relating to the post-judgment enforcement proceedings. A trial court may retain jurisdiction to enforce its order after the lapse of the 30-day period for post-trial motions where the judgment contemplates or orders future performance by the parties. (See, *e.g.*, *Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 1020; *cf. Djomlija v. Urban* (1982), 107 Ill. App. 3d 960, 966 (where trial court granted specific performance of real estate contract, no stay of enforcement had been obtained and the court specifically retained jurisdiction to enforce its judgment, trial court had jurisdiction to reschedule the closing date even though the vendors had filed a notice of appeal from the judgment).) Here the trial court expressly retained jurisdiction to enforce its judgment. We note that the presence of language retaining jurisdiction for purposes of enforcement does not necessarily render an otherwise final and appealable order nonfinal (*Sementa v. Tylman* (1992), 230 Ill. App. 3d 701, 705, citing *Callier v. Callier* (1978), 61 Ill. App. 3d 1011, 1012), and thus the retention of jurisdiction is not inconsistent with our determination that the February 27, 1991, order was a final judgment.

At this point, we examine the basis for and extent of our jurisdiction to review the trial court's order of March 3, 1993. For this court to have jurisdiction, the order of the trial court must be a final order

unless it comes within the exceptions set forth by the supreme court rules. (*In re Guzik* (1993), 249 Ill. App. 3d 95, 98.) The March 3, 1993, order disposed of four separate motions; it granted Bailey's motion to enforce the judgment, and denied Ivans' motions to strike Bailey's motion, to dismiss the action and to vacate the judgment. Accordingly, we will consider whether the disposition of each motion constitutes an appealable order.

●3 In granting Bailey's motion to enforce, the court ordered the State Bank of Antioch, as trustee, "to execute a Trustee's Warranty Deed to Peter Anest and Thalia Anest as joint tenants and deliver said deed to Chicago Title & Trust Company as escrowee \*\*\* within 14 days hereof." This portion of the order, which merely directed Ivans to comply with the final judgment previously entered, resolved nothing of substance but merely appears to have been intended to set the stage for the exercise of the court's powers of compulsion through contempt proceedings or otherwise. We do not consider this portion of the order to be final and appealable.

*Harty v. Kirby* (1975), 26 Ill. App. 3d 688, is closely analogous. In *Harty*, the plaintiff sought specific performance of an agreement to purchase shares of stock. The trial court found in the plaintiff's favor and entered an order on June 14, 1974, allowing the plaintiff 60 days from the entry of the order to tender the sum specified as the price for the stock, whereupon the defendant was to transfer the stock to the plaintiff. No appeal was taken from the order. When the defendant failed to accept the plaintiff's tender of payment, the plaintiff obtained a second order on August 21, 1974, directing the defendant to appear in court and deliver the stock to plaintiff upon tender of a cashier's check. The defendant appealed from that order, but the court dismissed the appeal. The court concluded that the first order, from which no appeal was taken, was a final adjudication of the rights of the parties. The court observed that "a judgment, order or decree from which an appeal could have been taken may not be reviewed on appeal from a subsequent order entered in the cause." (26 Ill. App. 3d at 689.) With respect to the second order, the court observed that it "did no more than require defendant to appear before the court on a certain date. It did not in and of itself 'finally [dispose] of the rights of the parties, either on the entire controversy or a separate branch thereof.'" (*Harty*, 26 Ill. App. 3d at 690, quoting *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 416; accord *Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1074 (writ of assistance from which appeal was taken was only incidental to the ultimate rights already adjudicated, and appeal was dismissed where no timely notice of appeal was filed as to orders which finalized rights).) The same rea-

soning applies here, and accordingly, the portion of the March 3, 1993, order granting Bailey's motion to enforce was not final and appealable.

●4 We next consider whether a basis for appellate jurisdiction may be found in the disposition of any of Ivans' three motions. The denial of Ivans' motion to strike Bailey's motion to enforce was not a final order because it left Bailey's motion pending. Similarly, the denial of Ivans' motion to dismiss was not appealable. *E.g., In re Petition of Filippelli* (1990), 207 Ill. App. 3d 813, 817-18.

Ivans' remaining motion sought to vacate the judgment of February 27, 1991. Ivans based the motion, in part, on section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). Denial of a petition to vacate pursuant to section 2—1401 is a final and appealable order. (*E.g., Sottile v. Suvick* (1979), 79 Ill. App. 3d 631, 632.) We note that this appeal was not rendered premature when Bailey timely filed a motion for attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) after Ivans filed his notice of appeal from the March 3, 1993, order. Although a Rule 137 motion timely filed after a notice of appeal will render an appeal pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301) premature until disposition of the motion (see *Gaynor v. Walsh* (1991), 219 Ill. App. 3d 996, 1002), this appeal is properly before us pursuant to Supreme Court Rule 304(b)(3) (134 Ill. 2d R. 304(b)(3)).

Accordingly, we have jurisdiction only to review that portion of the order of March 3, 1993, denying Ivans' section 2—1401 motion to vacate. It has been stated:

> "The purpose of a petition under section 2—1401 is to bring before the court *matters of fact not appearing in the record,* which if known to the court at the time judgment was entered, would have prevented its rendition. [Citations.]
>
> \*\*\*
>
> A section 2—1401 petition is not intended to provide for review of an order from which a party could have taken a timely appeal, and such a petition is not to be invoked as a substitute for a party's right to appeal. [Citation.] *Thus, a petition under section 2—1401 is not appropriate for review of errors of law.*" (Emphasis added.) (*Universal Outdoor, Inc. v. City of Des Plaines* (1992), 236 Ill. App. 3d 75, 80-81.)

Ivans' motion to vacate was not based on any facts outside the record, but simply alleged an error of law: that Ivans could not be compelled to convey the property because Bailey's option to purchase the property had never been exercised. Ivans could have raised that issue of law in a direct appeal from the February 27, 1991, summary

judgment, but failed to properly preserve the issue. "Section 2—1401 does not afford a remedy to relieve a litigant of the consequences of his own mistakes or his counsel's negligence." (*Universal Outdoor, Inc.*, 236 Ill. App. 3d at 81.) Moreover, it has been stated that a party's "refusal to accept the fact that [his or her opponent] has prevailed in the trial court and on appeal is not an adequate basis for a section 2—1401 petition to vacate a judgment." (*Wittekind v. Rusk* (1993), 253 Ill. App. 3d 577, 579.) The trial court properly denied Ivans' motion to vacate.

## II. SANCTIONS PURSUANT TO SUPREME COURT RULE 137

The court disposed of the issue pursuant to Supreme Court Rule 23(b) (Official Reports Advance Sheet No. 15 (July 20, 1994) R. 23(b), eff. July 1, 1994).

For the foregoing reason, we affirm that portion of the circuit court's order of March 3, 1993, denying Ivans' motion to vacate the summary judgment of February 27, 1991. We reverse the order of April 14, 1993, awarding attorney fees pursuant to Supreme Court Rule 137 and remand the cause to the trial court for further proceedings in accordance with this opinion.

Affirmed in part; reversed in part and remanded.

COLWELL and PECCARELLI, JJ., concur.