JOHN ROCHE *et al.*, Plaintiffs, v. THE COUNTY OF LAKE, Defendant-Appellant (Bruce Fratus *et al.*, Plaintiffs-Appellants; Charles Godshall *et al.*, Intervening Plaintiffs-Appellants; Lake County Board *et al.*, Defendants).

Second District   No. 2—90—0091

Opinion filed November 6, 1990.

Fred L. Foreman, State's Attorney, and Brydges, Riseborough, Morris, Franke & Miller, both of Waukegan (Helen S. Rozenberg, Assistant State's Attorney, and Daniel P. Field, of counsel), for appellant County of Lake.

Robert J. Hauser and Peter M. Schlax, both of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan (Richard J. Smith, of counsel), for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendant, County of Lake, appeals from a court order determining the meaning of "full-time deputy sheriff" as it was used in a 1983 summary judgment order entered against defendant. That order entitled plaintiffs, 16 employees of the Lake County sheriff's office, to credit under the retirement annuity for sheriff's law enforcement employees (Ill. Rev. Stat. 1981, ch. 108½, par. 7—142.1) from the time they were employed as full-time deputy sheriffs.

In 1989, seven of the plaintiffs from this judgment and five new plaintiffs filed a petition to enforce the judgment, claiming that they had not received full credit from the time they became full-time deputy sheriffs. Defendant claimed these plaintiffs were not full-time deputy sheriffs during the time they occupied positions that were not certified by the Lake County Sheriff's Office Merit Commission. The trial court ruled that, regardless of whether an employee had been certified by the merit commission, a full-time deputy sheriff included a person sworn by the sheriff and paid as a full-time deputy to act at the direction of the sheriff. For the reasons stated below, we agree with the trial court and affirm.

In 1981, 16 employees of the Lake County sheriff's office brought a complaint against the County of Lake and other defendants alleging various causes of actions arising out of a pay disparity between plaintiffs and other employees in the sheriff's office. In count IX of their second amended complaint, these plaintiffs alleged that, as full-time deputies, they were entitled to credit under the more beneficial retirement annuity plan for full-time sheriff's law enforcement employees (Ill. Rev. Stat. 1981, ch. 108½, par. 7—142.1) as opposed to the regular plan under the Illinois Municipal Retirement Fund (IMRF) (Ill. Rev. Stat. 1981, ch. 108½, par. 7—142). In paragraph one of count IX, plaintiffs alleged the following:

"That at the present and for long periods of time prior thereto, the Plaintiffs and each of them were employed by the Lake County Sheriff's Office in the Civil Process and Warrant Division as full time Deputy Sheriff[s]."

In paragraph three, plaintiffs asserted that they were full-time deputies from the dates of their employment listed in exhibit C. Plaintiffs also attached copies of their written oaths as deputies.

Defendants admitted paragraphs one and three in their answer to plaintiffs' complaint. Plaintiffs then filed a summary judgment motion

on count IX, pointing out that defendant admitted they were full-time deputy sheriffs as stated in paragraphs one and three. Plaintiffs also attached the deposition testimony of Roger Sloot, personnel director of Lake County. Sloot stated that all of the plaintiffs were in either the civil process or warrant divisions of the sheriff's office and, as of January 1, 1981, these positions were certified by the merit commission. Sloot stated that certification determined whether an individual was entitled to participate in the retirement fund for sheriffs.

In written response to plaintiffs' summary judgment motion, defendant stated:

"This count seeks placement of plaintiffs under SLEP [(the parties referred to the retirement plan as the 'Sheriff's Law Enforcement Plan')] on or prior to January 1, 1981. It is not defendants' intention here to oppose the relief sought in this count."

Preceding this statement, in addressing plaintiffs' motion for summary judgment on count IV, defendant stated that the undisputed fact was that plaintiffs were employed as full-time deputy sheriffs as process and warrant servers prior to 1981.

The trial court granted summary judgment to plaintiffs on count IX, ruling as follows:

"[P]laintiffs are entitled to and shall be placed under Illinois Municipal Retirement Fund for Sheriffs for the period prior to January 1, 1981, during which time they were full time deputy sheriffs, and the court retains jurisdiction of said matter for the purposes of implementation of said judgment."

On June 1, 1989, seven of the plaintiffs from the earlier suit and five new plaintiffs (defendant did not object to joinder of additional plaintiffs) filed a petition claiming that defendants had not complied with the judgment. Specifically, they claimed that the judgment entitled them to participate in the sheriff's retirement fund from the date that they took the deputy's oath of office. The County of Lake responded with a pretrial memorandum stating that it was necessary to determine whether an employee had to be certified by the merit commission in order to be a full-time deputy sheriff. Defendant attached a list of all the named plaintiffs, stating when each began employment with the sheriff's office, what position each started in, what position each was transferred to, and when each received coverage under the regular IMRF plan and under the sheriff's plan.

At the conclusion of a hearing on the issue in which no new evidence was submitted, the trial judge stated that he had considered the briefs and oral arguments of both sides as well as his notes and the

evidence from the trial of the earlier proceeding. The trial judge stated that there were uncontroverted factors concerning all deputies that he could take everyday notice of, specifically:

"[T]he deputies, regardless of certification, wearing the same uniform, armed while on duty, [were] responsible for the safety and well-being of court personnel, the public, and the like, who are required to come to the aid, and by statute, of fellow officers, who have, in essence, in my judgment, been given the duty and authority by the sheriff to arrest and detain people apprehended by violating laws, [and] to whom an offense is aggravated battery as opposed to a regular citizen."

The written order of the trial court stated:

"The court finds that 'full time deputy sheriff' means all persons sworn by the Sheriff as evidenced by the oaths which are exhibits to the petition who are paid as full-time deputies to act at the direction of the sheriff ***."

The trial court's remarks appear to be at least partly a reflection of the testimony adduced at trial on the other counts in the original complaint. In that trial, the sheriff of Lake County testified that plaintiffs who worked in the civil process and warrant divisions could be called to respond to a riot or other disturbance because they had been sworn as deputies and received the proper training. The sheriff stated that there were people in clerical positions who had not taken an oath of office. He stated that he had three different sections in his office, including (1) highway and uniform patrol; (2) support systems, which included civil process, warrants, communications, bailiffs, court security and others; and (3) the administrative agency, which included the clerical positions. We note that the testimony at trial focused on the duties of persons in the civil process and warrant divisions. There was no testimony on the duties of sworn deputies who acted in positions as jailers or other positions the county now contends are not typical law enforcement positions.

■■ Before addressing the merits of defendant's argument, we must first determine whether this court has jurisdiction to entertain defendant's argument. Plaintiffs contend this argument should have been raised on appeal within the proper time from the 1983 judgment and cannot be made following a clarification order. An order or judgment is final and appealable when it terminates the litigation or some definite part of it on the merits. (*Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1073.) Notice of appeal must be filed within 30 days of entry of the final judgment or entry of an order disposing of a timely filed post-trial motion. (107 Ill. 2d R. 303(a).) Any

judgment or decree from which an appeal could have been taken may not be reviewed on appeal from a subsequent order entered in the matter. (*Ravenswood*, 104 Ill. App. 3d at 1074.) A final order or judgment will not be considered on appeal from an order merely incidental to carrying out the final order or judgment. *Harty v. Kirby* (1975), 26 Ill. App. 3d 688, 689-90.

■ In this case, defendant could not have raised its argument following the original judgment. Looking at the summary judgment motion and the judgment that was entered on that motion, it is clear that the issue of whether a full-time sheriff's employee would be designated as a full-time deputy sheriff from the time that person took the deputy's oath was not considered or decided by the trial court. Thus, defendant cannot be expected to have appealed from the original judgment on this issue. The trial court's order in 1989 was not merely an incidental order; it decided an issue that had not been raised in the earlier proceeding.

Plaintiffs argue that defendant is barred from raising its argument by virtue of its answer to paragraph three of count IX of their second amended complaint. In its answer, defendant admitted paragraph three, which stated that plaintiffs were full-time deputy sheriffs from the dates of plaintiffs' employment stated in exhibit C. Plaintiffs argue that this answer is a conclusive admission against defendant. Since the summary judgment order provided plaintiffs relief from the time they were full-time deputy sheriffs, plaintiffs argue, the issue was settled at this time, and defendant cannot contest the issue at this late date. We disagree.

■■ ■ What constitutes a judicial admission must be decided under the circumstances of each case. (*Malauskas v. Tishman Construction Corp.* (1980), 81 Ill. App. 3d 759, 761-62.) It is clear from paragraph one of count IX of plaintiffs' complaint and from the testimony at trial that plaintiffs were asserting that they were entitled to benefits under the sheriff's retirement plan from the time they were employed in the civil process and warrant divisions as full-time deputy sheriffs. Paragraph one, which defendant admitted, states that plaintiffs were employed in the civil process and warrant divisions as full-time deputy sheriffs. The dates of employment listed in exhibit C do not correspond to the dates when plaintiffs began working in the civil process and warrant divisions as full-time deputy sheriffs; rather, these dates represent the dates plaintiffs were employed full-time in other departments. Defendant did not contest that plaintiffs were entitled to the sheriff's benefits from the time they were employed in the civil process and warrant divisions. It never admitted, however,

that plaintiffs were entitled to this benefit from the time they were employed in other positions in the sheriff's office. Thus, we construe defendant's answer to paragraph three only as an admission that plaintiffs were employed full-time under the sheriff's office from the dates listed in exhibit C. It is not a conclusive admission that plaintiffs were full-time deputy sheriffs as that term was used in the summary judgment motion.

Turning to defendant's argument, defendant asserts that, when these plaintiffs began employment with the sheriff's office, they first worked in positions that defendant argues are not certified by the merit commission. These include positions in the records department, work release department, communications/radio department and jail department. Since the time plaintiffs started in these positions, all five have been transferred to positions that the defendant submits are certified positions. These include positions in the highway patrol, civil process, and warrant departments. Defendant does not dispute that plaintiffs are entitled to coverage under the sheriff's retirement plan from the time that plaintiffs served in certified positions, but it denies that plaintiffs are entitled to participate in this plan for the time that they worked in noncertified positions.

■ The retirement plan for sheriffs is provided to all sheriff's law enforcement employees. A "sheriff's law enforcement employee" is defined as follows:

> "A county sheriff and all deputies, other than special deputies, employed on a full time basis in the office of the sheriff."
> Ill. Rev. Stat. 1981, ch. 108½, par. 7—109.3(a)(1).

Defendant contends that only those employees who come under the jurisdiction of the merit commission are full-time deputies and employees in noncertified positions do not come under the jurisdiction of the merit commission. In a deposition, Daniel Sloot, personnel director of Lake County, stated that only employees in certified positions were entitled to credit under the sheriff's retirement plan. According to defendant, plaintiffs from the original lawsuit have been allowed credit under the plan for the time prior to 1981 that they served in the civil process and warrant divisions because, pursuant to an ordinance, these positions were made certified positions by the merit commission in 1981. This ordinance is not cited, has not been made a part of the record, and has not been attached to the appendix.

■ The Sheriff's Merit System Act provides a system for counties to create a Sheriff's Office Merit Commission. (Ill. Rev. Stat. 1981, ch. 125, par. 151 *et seq.*) The Act provides that "[a]ll full time deputy sheriffs shall be under the jurisdiction of this Act and the

county board may provide that other positions, including jail officers, as defined in 'An Act to revise the law in relation to jails and jailers', approved March 3, 1874, as now or hereafter amended, shall be under the jurisdiction of the Commission." (Ill. Rev. Stat. 1981, ch. 125, par. 157.) The Act also provides that "[t]he appointment of all personnel subject to the jurisdiction of the Merit Commission shall be made by the sheriff from those applicants who have been certified by the Commission as being qualified for appointment." Ill. Rev. Stat. 1981, ch. 125, par. 160.

The Act does not provide that a merit commission shall create certified positions to designate which deputies come under its jurisdiction. Nowhere does the Act provide for the creation of certified positions for deputies; it states that all full-time deputies are under its jurisdiction. The only time the Act uses the word "certified" is when it states that all appointments shall be made from applicants who have been certified for appointment. The Act does provide that the merit commission may require different tests for different classifications of deputies (Ill. Rev. Stat. 1981, ch. 125, par. 160), but these classifications would be made among all full-time deputy sheriffs since the merit commission only has jurisdiction of full-time deputy sheriffs.

Defendant argues that the Lake County sheriff's office merit commission rules and regulations provide that noncertified positions are those positions that are outside the merit commission's jurisdiction. We disagree. The introductory paragraph to the rules states the following:

"The following Rules and Regulations, as adopted and revised by the Lake County Sheriff's Office Merit Commission shall apply to all personnel, deputized by the Sheriff and compensated by the County of Lake."

The rules then define "personnel" in article I as classified and unclassified:

"Classified Personnel: Male or female employees of the sheriff's office, whether in uniform or civilian attire, who were in office on September 14, 1965, regardless of their duties at that time, and all deputy sheriffs.

Unclassified Personnel: All employees of the sheriff's office designated as deputies and having only limited police power, whether in uniform or civilian attire, including stenographers, secretaries, bookkeepers, elevator operators, janitors and jail officers."

It appears that when defendant states that a position is not certified, defendant means that it is an unclassified position. The rules

clearly provide that jailers and others are unclassified personnel; however, the rules do not state that unclassified personnel are outside the jurisdiction of the merit commission. To the contrary, the introductory paragraph provides that the rules are applicable to all personnel *deputized* by the sheriff and compensated by Lake County. Furthermore, the unclassified personnel definition states that these employees have been designated as deputies. Section 2 of article II of the rules provides that the appointment of deputies shall be made from those applicants who have been certified by the Commission as being qualified for appointment. This requirement is not limited to only classified personnel. Thus, according to the merit commission's own rules, all unclassified personnel who have been deputized do come under the jurisdiction of the merit commission.

■ Defendant relies on an Attorney General opinion that states that the Lake County sheriff's office merit commission has no jurisdiction over persons employed in such positions as jailers, stenographers, secretaries and bookkeepers. (1971 Ill. Att'y Gen. Op. 77.) Of course, the opinions of the Attorney General are not binding on this court, though a well-reasoned opinion is entitled to considerable weight in resolving a question of first impression regarding the construction of an Illinois statute. (*City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 130-31.) This opinion is not well reasoned.

In the 1971 Illinois Attorney General Opinion 77, the Attorney General considered the rules and regulations of the commission, specifically the provision that provided that the commission's rules applied to all personnel deputized by the sheriff. It concluded that the commission's jurisdiction was limited to full-time deputy sheriffs; all other types of employees were excluded. Specifically, the commission had no authority over stenographers, secretaries and bookkeepers; nor did it have authority over jailers because they were defined in a separate act (Ill. Rev. Stat. 1963, ch. 75, pars. 2, 3). (1971 Ill. Att'y Gen. Op. at 81.) That act provided that the sheriff shall be the warden of the jail, and employees who are charged with the care and custody of prisoners shall be known as jail officers. Ill. Rev. Stat. 1963, ch. 75, pars. 2, 3(a).

The opinion as it relates to jail personnel is not persuasive. The fact that a separate act states that employees charged with the care and custody of prisoners shall be known as jail officers does not necessarily mean that jail officers cannot also be deputy sheriffs. We point out that the act in relation to jails and jailers does not require jail officers to take an oath of office. The act in relation to sheriffs, however, requires all deputies to take an oath of office (Ill. Rev. Stat.

1981, ch. 125, par. 9). Thus, we believe jailers who have taken the deputy's oath are not only jailers; they are also deputy sheriffs.

We find the remainder of the Attorney General opinion does nothing more than state the issue. The opinion concludes that the merit commission only has jurisdiction of full-time deputy sheriffs, but it fails to define adequately a full-time deputy sheriff. It purports that "deputy sheriff" has a special meaning in Illinois, quoting *County of Winnebago v. Industrial Comm'n* (1968), 39 Ill. 2d 260, 261, but this quote does not help define the term. The definition of a full-time deputy sheriff was not at issue in this case. The quote from the opinion was addressed to whether a full-time deputy sheriff was an official or an employee for purposes of the Worker's Compensation Act. The quoted portion states:

"Deputy sheriffs are recognized in section 9 of article X of the Illinois constitution: 'The number of the deputies and assistants of such officers [including sheriffs] shall be determined by rule of the circuit court, to be entered of record, and their compensation shall be determined by the county board.'

Our statutes specifically provide for the appointment, the powers, and the duties of deputy sheriffs. Section 7 of the Act relating to sheriffs and deputies (Ill. Rev. Stat. 1967, chap. 125, par. 7) provides that a sheriff may appoint one or more deputies not exceeding the number allowed by rule of court and may take a bond from him for his indemnity. *** Section 12 of the same act authorizes a deputy sheriff to perform any and all duties of the sheriff and provides that the acts of the deputy are the acts of the sheriff. (Ill. Rev. Stat. 1967, chap. 125, par. 12.) Also, the sheriff is liable for any neglect or omission of the duties of office occasioned by a deputy as he would be for his own personal neglect or omission. Ill. Rev. Stat. 1967, chap. 125, par. 13." (*County of Winnebago*, 39 Ill. 2d at 262-63.)

There is nothing in the above quotation that helps to determine the elements that make up a full-time deputy sheriff. The Attorney General opinion not only fails to define full-time deputy sheriff, it also fails to recognize that the Lake County sheriff's office merit committee rules do not state that the rules apply to all personnel in the sheriff's office; rather, as the introductory paragraph states, the rules only apply to those personnel who have been deputized.

■ Another Attorney General opinion cited by defendant ironically supports the position that all deputies, regardless of whether they perform law enforcement duties, such as bailiffs, process servers and radio operators, come under the jurisdiction of the merit commis-

sion. (1965 Ill. Att'y Gen. Op. 114.) Defendant cited this opinion for the proposition that jailers are not included under the jurisdiction of the merit commission. The opinion is not persuasive in this respect as it gives the same rationale stated in the 1971 Illinois Attorney General Opinion 77. The opinion is persuasive, however, in its finding that the use of the phrase "all deputies" in the Act authorizing merit commissions includes all deputies regardless of whether they worked in typical law enforcement positions. The opinion states:

> "In the absence of statutory definitions indicating different legislative intention, courts will assume that words have their common dictionary meaning or their popularly understood meaning. *Conlon-Moore Corp. v. Cummins*, 28 Ill. App. 2d 368, affirmed 23 Ill. 2d 341; *Stice v. Beard*, 46 Ill. App. 2d 304.

> Webster's Second International Dictionary defines the word 'all' in part as follows:

> 'Every member or individual component of; each one of;— used with a plural noun. In this sense, *all* is used generically and distributively, meaning that a statement is true of every individual or case; as, *all* men are mortal.'

> Applying the above rule of statutory construction to the question under consideration, it is obvious that the words 'all deputies' *** mean each and every deputy sheriff in the office of the sheriff." (Emphasis in original.) 1965 Ill. Att'y Gen. Op. at 115.

For the foregoing reasons, defendant's argument that plaintiffs are not entitled to credit under the sheriff's pension plan because they do not come under the jurisdiction of the merit commission fails.

■ Defendant also appears to argue that plaintiffs are not full-time deputies from the time they took their oaths because they were not chosen from a list of applicants certified by the merit commission as qualified. This is a procedure clearly stated under the Sheriff's Merit System Act (Sheriff's Act) (Ill. Rev. Stat. 1981, ch. 125, par. 160). Defendant argues that employees who have not been selected from a certified list are not "duly appointed and qualified." Section 12 of the Sheriff's Act provides:

> "Deputy sheriffs, duly appointed and qualified, may perform any and all the duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be acts of the sheriff." (Ill. Rev. Stat. 1981, ch. 125, par. 12.)

There may be an argument that appointed deputies who have not been certified by the commission may not have been duly appointed; however, the argument has not been adequately presented in this

case, nor is there any evidence in the record pertaining to the procedure followed in the selection of plaintiffs as deputy sheriffs.

■■ ■ Defendant also argues that its position is supported by a memorandum it received from the Executive Director of the Illinois Municipal Retirement Fund which stated that the sheriff's fund applied to full-time employees who were (1) in positions of deputy sheriffs authorized by the circuit court, (2) were appointed under merit principles established by the merit board or commission, and (3) subscribe to the constitutional oath of office. The memorandum also stated that the plan did not apply to jailers who are not appointed as regular deputies, as well as special deputies, bailiffs, and employees deputized who work part time in nondeputy positions.

This memorandum, of course, is not binding on this court. More importantly, it is not persuasive. For one thing, though the three criteria set out by IMRF seem appropriate to define a duly appointed deputy sheriff, there has been no evidence that plaintiffs do not meet these criteria. Secondly, the interpretation that the sheriff's fund does not apply to deputized employees who work in nondeputy positions is unsound. The problem with IMRF's interpretation is that the retirement plan for sheriff's law enforcement employees does not state that it applies to only those employees who work full time in typical law enforcement positions. It applies to sheriff's law enforcement employees defined as "all deputies, other than special deputies, employed on a full time basis in the office of the sheriff." (Ill. Rev. Stat. 1981, ch. 108½, par. 7—109.3.) Had the legislature intended the fund to apply only to deputy sheriffs who work full time in typical law enforcement positions, it could have said so. The only limitation made by the legislature excluded special deputies. Special deputies are mentioned in the Sheriff's Act (Ill. Rev. Stat. 1981, ch. 125, par. 1 *et seq.*) under section 10. That section states:

> "A sheriff may appoint a special deputy to serve any summons issued out of a court, by indorsement thereon ***." (Ill. Rev. Stat. 1981, ch. 125, par. 10.)

There is no argument that plaintiffs served in positions as special deputies.

Defendant has admitted that employees serving as civil process servers, warrant officers, and bailiffs are covered under the sheriff's pension plan. This fact defeats its position that plaintiffs should not be included because they held jobs that were not typically related to law enforcement. Clearly, process servers, warrant officers and bailiffs do not occupy typical law enforcement positions.

■■ We conclude that the trial court reached the correct defini-

tion of a full-time deputy sheriff for purposes of the sheriff's pension plan; it includes any person sworn by the sheriff as a deputy and paid full time to act at the direction of the sheriff. It is evident from the language of the written oath for deputy sheriff, stated below, that the oath conveys the authority and duty of a deputy sheriff. Certified copies of the written oaths submitted by the original plaintiffs in their summary judgment motion include two parts, one part signed by the sheriff and one part signed by the employee. The first part states:

"I [name] Sheriff in and for the County of Lake in the State of Illinois, hereby appoint [name] as Deputy Sheriff of Lake County, Illinois to act and perform the duties of such office until by me removed."

The second part states:

"I do solemnly swear that I will support the Constitution of the United States of America, and the Constitution of the State of Illinois, and that I will discharge the duties of the office of Deputy Sheriff of Lake County, Illinois, according to the best of my ability."

By these oaths, plaintiffs have taken on all the duties of a deputy sheriff. The fact that they are not called upon to participate in law enforcement duties on a daily basis does not deny the fact that they have been sworn as deputies and are bound to perform the duties of the sheriff's office as commanded by the sheriff. Therefore, plaintiffs are entitled to participate in the sheriff's pension plan from the time they were employed full-time by the sheriff's office and sworn as deputies.

The circuit court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.