# Illinois Official Reports

## Appellate Court

---

*Vrakas v. County of Will, Illinois*, 2015 IL App (3d) 140424

---

Appellate Court
Caption

GEORGE VRAKAS, DAVID J. ADAMS, RONALD ADAMS, ROSE ALBANO, DOREICE ALEXANDER, APRIL ARAMBASICH, ROBERT D. BAIKIE, KAREN M. BAKER, TERENCE A. BERGIN, CHERYL L. BEVERLY, JANETTE E. BISHOP, PATRICIA JEAN BLACKWELL, JOSEPH DEE BRANNON, RICHARD BREEN, STEVEN G. BROOKS, LARRY B. BROWN, ANDRE CARTER, LATASHA CHANDLER, BRYAN E. CHESTER, DEBORAH COLEMAN, JOHN M. DISERA, RICHARD L. EARTLY, DANIEL J. FLANNERY, JAMES J. FRANC, JULIUS J. GAMBINO, BARBARA S. GORDON, MARY BRIDGET GRAHAM, JOSEPH M. GROZIK, MICHAEL HARKINS, RONALD HICKS, RAYMOND E. HOCH, JEFF JOHNSON, PATRICK JONES, CHARLES E. KAVANAUGH, JR., ADRIENNE D. KNAZZE, KATHERINE L. KNICKREHM, GARY D. KOCA, RICKY KURTH, PAMELA R. LOGGINS, DANIEL LOPEZ, JAMES R. LUNA, JR., GINA MAROTTA, ROY MARTIN, JAMES DAVID MAXWELL, SHANNON L. McALYNN, MICHELLE M. MOFFETT, JOHN T. NEWBERRY, MICHAEL J. OLINO, RANDY L. OWENS, RENAE PARKER, KIMBERLY PASSEHL, SONI B. PEARSON, TIMOTHY J. QUIGLEY, DALE SANTERELLI, JANETTE SHIPERAK, GREGORY A. SICINSKI, KEVIN M. SPENCER, STUART K. TAYLOR, LISA TICHY, LOUAAI AHMAD TOMALIEH, TRESSIE VANCE, SIRVEEA WARD, SCOTT A. WEIFFENBACH, MICHAEL A. WHITE, CHRISTOPHER WILHELMI, and MARY ZARAGOZA, Plaintiffs-Appellants, v. COUNTY OF WILL, ILLINOIS; WILL COUNTY SHERIFF'S OFFICE; and PAUL KAUPAS, Will County Sheriff, Defendants-Appellees.

District & No.

Third District
Docket No. 3-14-0424

Rule 23 order filed    June 30, 2015
Motion to publish
allowed               August 27, 2015
Opinion filed          August 27, 2015


Decision Under        Appeal from the Circuit Court of Will County, No. 09-L-960; the Hon.
Review                John Anderson, Judge, presiding.


Judgment              Affirmed in part and reversed in part.
                      Cause remanded with directions.


Counsel on            Margaret A. Angelucci (argued) and Amanda Clark, both of Asher,
Appeal                Gittler & D'Alba, Ltd., of Chicago, for appellants.

                      Lawrence J. Weiner (argued), of Laner Muchin Ltd., of Chicago, and
                      Philip A. Mock, Assistant State's Attorney, of Joliet, for appellees.


Panel                 PRESIDING JUSTICE McDADE delivered the judgment of the
                      court, with opinion.
                      Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiffs, 66 individuals employed full-time as correctional deputies, sergeants, and lieutenants, filed a civil action against the defendants, Will County, the Will County sheriff's office, and Will County sheriff Paul J. Kaupas (collectively, Will County), seeking compensation for an alleged impairment of pension benefits. The circuit court granted summary judgment in favor of Will County, and the plaintiffs appealed. On appeal, the plaintiffs assert numerous reasons why the circuit court erred when it granted summary judgment in favor of Will County, including their belief that they have been statutorily qualified for the pension benefits since the dates of their hires. We affirm in part, reverse in part, and remand with directions.

FACTS

¶ 3 On November 10, 2009, the plaintiffs sued Will County[1] for an alleged impairment of pension benefits. The complaint alleged, *inter alia*, that some of the plaintiffs were reclassified into the sheriff's law enforcement employees pension plan (SLEP) (40 ILCS 5/7-142.1 (West 2008)) on December 1, 2005, and some were reclassified into SLEP on December 1, 2006, but that all of the plaintiffs should have been accruing SLEP benefits prior to those dates. Counts I and II of the complaint alleged a pecuniary loss and sought, *inter alia*, an order requiring Will County to purchase pension credits for the plaintiffs. Count III of the complaint alleged that the pension contributions were "wages" under the Attorneys Fees in Wage Actions Act (705 ILCS 225/1 *et seq.* (West 2008)) such that the plaintiffs were also entitled to attorney fees.

¶ 4 During pretrial matters, the parties filed factual stipulations with the circuit court. Among the stipulations were agreements that the plaintiffs were considered "sworn personnel" by the Merit Commission of the sheriff's office, that the Merit Commission had jurisdiction over the plaintiffs, and that the duties of the plaintiffs substantially overlapped with SLEP-eligible deputies.

¶ 5 Among the numerous documents filed with the circuit court were copies of certain collective bargaining agreements (CBAs). Under these CBAs, some of the plaintiffs were included in SLEP as of December 1, 2005, and some plaintiffs were included in SLEP as of December 1, 2006. In exchange for their inclusion into SLEP, the plaintiffs (through their union representatives) agreed to a reduction in wage increases for a certain period of time.

¶ 6 Also filed with the circuit court were copies of all of the plaintiffs' written oaths, which were executed on either December 1, 2005, or December 1, 2006. An affidavit from Kaupas stated that he had been the Will County sheriff since 2002, and that he administered the deputy oath to all of the plaintiffs on or around either December 1, 2005, or December 1, 2006. However, his affidavit also stated the following: "[t]here were several Plaintiffs whom had, unbeknownst to me, been appointed and sworn as deputies by prior Sheriffs, but whom I had no knowledge sufficient to form a belief that they had previously become eligible for membership in the SLEP pension fund." Included in the record are copies of deputy oaths for the following four plaintiffs: Ronald D. Adams (June 30, 1986), Terence A. Bergin (October 31, 2001), Deborah Coleman (December 21, 1987), and Christopher Wilhelmi (January 14, 1985).

¶ 7 During pretrial matters, in December 2013, Will County filed a motion for summary judgment, which it revised in March 2014. In support of its motion, Will County argued that: (1) the Illinois Constitution did not *per se* create any enforceable contractual right for the plaintiffs; (2) under the applicable statutory provisions of the Illinois Pension Code (40 ILCS 5/1-101 *et seq.* (West 2008)) and the Counties Code (55 ILCS 5/1-1001 *et seq.* (West 2008)), the plaintiffs did not meet the requirements of SLEP until December 1, 2005, or December 1, 2006, and therefore they have no contractual claim for SLEP benefits prior to those dates; (3) certain CBAs controlled the plaintiffs' SLEP rights and precluded the claims the plaintiffs were making; (4) the plaintiffs never made SLEP contributions prior to the 2005 and 2006 dates, so they had no constitutional right to SLEP benefits before those dates; (5) by entering

---

[1]The original complaint named 58 plaintiffs, but amendments to the complaint increased the total to 66 and also added the Illinois Municipal Retirement Fund as a defendant.

into the CBAs, the plaintiffs waived any right to SLEP benefits before those 2005 and 2006 dates; (6) the plaintiffs' claims were barred by either *laches* or applicable statutes of limitation, or both; (7) granting the plaintiffs' requested relief would constitute amendments of the SLEP law and the Counties Code, which was a violation of separation of powers; and (8) count III should be dismissed because Will County never failed or refused to pay any "wages," which they were under no obligation to do anyway.

¶ 8        Will County appended numerous documents to its motion for summary judgment. Two of these documents were: (1) a 1973 letter from the executive director of the Illinois Municipal Retirement Fund (IMRF) relating to membership in the then-newly created SLEP fund and (2) what appeared to be a portion of a handbook on IMRF sheriff's law enforcement personnel, which was last revised in 1994, that detailed SLEP coverage requirements (collectively, the IMRF documents). An affidavit was submitted by IMRF's general counsel stating that the IMRF documents were submitted to the plaintiffs on December 3, 2013.

¶ 9        On May 6, 2014, the circuit court heard arguments on Will County's motion for summary judgment, as well as a cross-motion for summary judgment orally made by the plaintiffs. At the outset of the hearing, the court stated:

>  "If I grant the motion, it will probably just be a one-page order because, if you appeal it, it is *de novo* review. It really doesn't matter why I make the decision that I do. The Appellate Court is not going to care, I don't think, because it is *de novo* review."[2]

At the close of the hearing, the court took the matter under advisement and reiterated:

>  "As I said, I am going to issue a ruling by mail. If I grant summary judgment, it is just going to be a one-page order. Again, if there is an appeal, the standard of review on appeal, on a summary judgment motion, it is *de novo*. So it really isn't going to much matter I think my reasons for granting summary judgment."

On May 12, 2014, the circuit court issued a written decision in which it granted Will County's motion for summary judgment and denied the plaintiffs' cross-motion for summary judgment. With regard to counts I and II of the complaint, the court stated that it was granting summary judgment "for the reasons identified" in Will County's summary judgment motion. With regard to count III, the court construed Will County's argument for dismissal as a request for summary judgment. The plaintiffs appealed.

¶ 10                                                ANALYSIS

¶ 11        On appeal, the plaintiffs assert numerous reasons why the circuit court erred when it granted summary judgment in favor of Will County; in essence, their brief reads like a reply to Will County's summary judgment motion. Included in the plaintiffs' brief is their belief that

---

[2]The trial court is quite simply wrong. While it is true that our review of a motion granting summary judgment is *de novo*, it is not true that "[t]he Appellate Court is not going to care" how the trial court reached its decision. This case was filed in November 2009 and the written decision issued in May 2014. The trial court presided over the litigation for 4½ years and its reasoning for awarding summary judgment, while not determinative, could add to this court's understanding of the issues. In addition, the parties were left without a clear explanation of why they had won or lost. Significantly, the parties were deprived of a focus for their arguments on appeal. They were instead forced to submit briefs that were essentially mirrors of their summary judgment memoranda filed in the trial court.

they statutorily qualified for SLEP benefits before the December 2005 and 2006 dates of their formal inclusion into SLEP.

¶ 12   Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). The materials reviewed when determining whether summary judgment should be granted are to be viewed in the light most favorable to the nonmoving party. *Clark Investments, Inc. v. Airstream, Inc.*, 399 Ill. App. 3d 209, 212-13 (2010). We review a circuit court's grant of summary judgment *de novo*. *Hall v. Henn*, 208 Ill. 2d 325, 328 (2003).

¶ 13   Article 7 of the Pension Code provides for the IMRF, which serves as the pension system for municipal employees, including county employees. 40 ILCS 5/7-101 to 7-224 (West 2008). General pension benefits are contained in section 7-142 (40 ILCS 5/7-142 (West 2008)), and increased pension benefits for "[s]heriff's law enforcement employees" are contained in section 7-142.1 (40 ILCS 5/7-142.1 (West 2008)). A "sheriff's law enforcement employee" is defined, in relevant part, as "[a] county sheriff and all deputies, other than special deputies, employed on a full time basis in the office of the sheriff." 40 ILCS 5/7-109.3(a)(1) (West 2008).

¶ 14   Certain provisions of the Counties Code also operate to further define sheriff's law enforcement employees. Pursuant to section 3-6008 of the Counties Code, "[e]ach sheriff may appoint one or more deputies, not exceeding the number allowed by the county board of his or her county." 55 ILCS 5/3-6008 (West 2008). The Counties Code further requires that such appointments be in writing (55 ILCS 5/3-6009 (West 2008)), and that "[e]ach deputy shall, before entering upon the duties of his or her office, take and subscribe an oath or affirmation, in like form as is required of sheriffs, which shall be filed in the office of the county clerk" (55 ILCS 5/3-6010 (West 2008)). Sheriffs are required to take a specific oath: "[h]e or she shall also, before entering upon the duties of his or her office, take and subscribe the oath or affirmation prescribed by Section 3 of Article XIII of the Constitution, which shall be filed in the office of the county clerk of his or her county." 55 ILCS 5/3-6004 (West 2008); Ill. Const. 1970, art. XIII, § 3 (requiring the following oath: " 'I do solemnly swear (affirm) that I will support the Constitution of the United States, and the Constitution of the State of Illinois, and that I will faithfully discharge the duties of the office of ................ to the best of my ability' ").

¶ 15   This oath was taken and signed by all 66 plaintiffs on either December 1, 2005 or December 1, 2006. The record also reflects at least four of the plaintiffs met the requirements to be included in SLEP prior to the 2005 and 2006 dates. The appropriate oaths had been taken by the following four plaintiffs prior to the 2005 and 2006 dates: Ronald D. Adams (June 30, 1986), Terence A. Bergin (October 31, 2001), Deborah Coleman (December 21, 1987), and Christopher Wilhelmi (January 14, 1985). Because these four plaintiffs met the requirements to be included in SLEP prior to the 2005 and 2006 dates, we hold that summary judgment was improperly granted against them.

¶ 16   We also note that Will County states in its brief that *six* of the plaintiffs had in fact been sworn in as deputies by prior sheriffs. However, neither Will County nor the plaintiffs identified these other two plaintiffs. Assuming there are two other plaintiffs who took the appropriate oath prior to the 2005 and 2006 dates, we hold that summary judgment was improperly granted against them.

¶ 17     The record reflects that the rest of the plaintiffs did not meet the oath requirement until they were sworn in as deputies by the sheriff on December 1, 2005, and December 1, 2006. See *Roche v. County of Lake*, 205 Ill. App. 3d 102, 114-15 (1990) (noting the specific oath requirement and holding that the plaintiffs in that case were "entitled to participate in the sheriff's pension plan from the time they were employed full-time by the sheriff's office and sworn as deputies"). While we acknowledge that the evidence indicated that these plaintiffs performed many of the same work duties as sworn deputies, that fact is not enough to supersede the statutory oath requirement. Because these plaintiffs did not meet the requirements to be included in SLEP until the 2005 and 2006 dates, we hold that the circuit court properly granted summary judgment against them and in favor of Will County.[3]

¶ 18     On remand, we direct the circuit court to conduct further proceedings for the four plaintiffs who in fact qualified for inclusion into SLEP prior to the 2005 and 2006 dates, as well as for identification of the two other plaintiffs who may have taken the appropriate oath before the 2005 and 2006 dates. For these four to six plaintiffs, summary judgment was improperly granted. Further, we believe the record on appeal does not contain enough information for us to determine whether there is any reasonable basis on which those four to six plaintiffs could be prohibited from recovery despite their qualifications for inclusion into SLEP prior to the 2005 and 2006 dates. Accordingly, the parties should be afforded the opportunity to litigate those questions before the circuit court on remand, including whether the plaintiffs are entitled to attorney fees for those four to six plaintiffs in connection with their claim in count III of the complaint.

¶ 19     Lastly, we acknowledge that the plaintiffs have also argued on appeal that Will County's partial reliance on the IMRF documents in support of its arguments was misplaced. First, the plaintiffs contend that the circuit court should have stricken these documents pursuant to Supreme Court Rule 219(c) because they were not produced until Will County filed its original motion for summary judgment in December 2013. However, the plaintiffs have not developed this argument in their brief and have therefore forfeited this first contention. Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Moreover, even without the forfeiture, there is nothing in the record to suggest that Will County committed any discovery violation with regard to the disclosure of the IMRF documents.

¶ 20     Second, the plaintiffs contend that IMRF documents were not adopted in compliance with the provisions of the Illinois Administrative Procedure Act (5 ILCS 100/1-1 *et seq.* (West 2008)) and therefore should carry no weight or require any deference. In response, Will County argues that the IMRF is not a body politic and corporate *of the State* and is not subject to the Administrative Procedure Act (see 5 ILCS 100/1-20 (West 2008), 40 ILCS 5/22-402 (West 2008), and *Guse v. Board of Trustees of the Public School Teachers' Pension & Retirement Fund*, 203 Ill. App. 3d 111, 114-20 (1990) (discussing whether the defendant was a body politic and corporate *of the State*)). However, the parties' arguments in this regard are conclusory and undeveloped. In addition, there is nothing in the record to indicate that the circuit court relied on these documents in arriving at its decision–a fact alluded to by the plaintiffs in their brief on appeal. Further, given the circuit court's decision not to rule on any

---

[3]We also note that there is nothing in the record to indicate that the sheriff intentionally withheld the oaths from these plaintiffs or otherwise acted to exclude eligible individuals from receiving SLEP benefits.

specific arguments made by either parties, we do not know whether the court considered these documents or relied upon them, or whether the court agreed with the plaintiffs that the documents could not be considered. On remand, should Will County again use the IMRF documents in support of its argument against SLEP benefits for the four to six plaintiffs, the parties should again be afforded the opportunity to argue their respective positions on the IMRF documents.

¶ 21                                           CONCLUSION
¶ 22        The judgment of the circuit court of Will County is affirmed in part and reversed in part, and the cause is remanded with directions.

¶ 23        Affirmed in part and reversed in part.
¶ 24        Cause remanded with directions.