NOTICE
Decision filed 02/09/18. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2018 IL App (5th) 160520

NO. 5-16-0520

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| BENNIE VICK, Sheriff of the County of Williamson; JIM MARLO, Williamson County Commissioner; BRENT GENTRY, Williamson County Commissioner; and RON ELLIS, Williamson County Commissioner, | ) ) ) ) ) ) | Appeal from the Circuit Court of Williamson County. |
| Plaintiffs and Counterdefendants-Appellees, | ) ) ) ) | |
| v. | ) ) | No. 15-MR-29 |
| BEN WYLIE, STEVEN SINE, ROBERT OWSLEY, ASHLEY OLSEN, SHELLI MILANI, STEVEN HUGGINS, and SUSAN FLEMING, | ) ) ) ) ) ) | Honorable |
| Defendants and Counterplaintiffs-Appellants. | ) ) ) | Brad K. Bleyer, Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court, with opinion.
Presiding Justice Barberis and Justice Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1   The defendants-counterplaintiffs, Ben Wylie, Steven Sine, Robert Owsley, Ashley Olsen, Shelli Milani, Steven Huggins, and Susan Fleming (defendants), appeal from the Williamson County circuit court's decision denying their motion to reconsider and vacate the final judgment

1

entered on August 9, 2016, in favor of the plaintiffs-counterdefendants, Bennie Vick, Williamson County sheriff, and Jim Marlo, Brent Gentry, and Ron Ellis, Williamson County commissioners (plaintiffs or the County). For the following reasons, we affirm.

¶ 2    Prior to November 18, 2014, the defendants were sworn deputy sheriffs, serving as dispatchers (telecommunicators) in Williamson County. On November 18, 2014, Sheriff Bennie Vick sent a memorandum to the defendants, informing them that the Illinois Law Enforcement Training Standards Board (Board) had determined that they do not qualify as "sworn officers" and would thereafter be considered "civilian employees." The memorandum stated that, "[p]ursuant to the new classification determined solely by the Board, Williamson County Telecommunicators will no longer be permitted to carry a firearm, wear a uniform, receive a uniform allowance or participate in [the Sheriff's Law Enforcement Personnel pension plan (SLEP)]." On December 18, 22, and 23, 2014, the defendants were sworn as Williamson County telecommunicators.

¶ 3    On February 3, 2015, the plaintiffs filed a complaint for declaratory judgment against the defendants, seeking a declaration that, as sworn telecommunicators, the defendants were not entitled to participate in SLEP but were instead entitled to participate in the Illinois Municipal Retirement Fund.

¶ 4    On February 6, 2015, six of the defendants filed an answer and a counterclaim, alleging that because their primary duties were acting as dispatchers, they did not meet the definition of "law enforcement officer" under the statute granting authority to the Board, and therefore, were not subject to the Board's standards. The defendants requested a declaration that there was no legal impediment to their status as sworn deputy sheriffs provided that their primary duties remain as dispatchers.

2

¶ 5    The parties submitted cross-motions for summary judgment. On August 9, 2016, the circuit court entered an order resolving the motions. The court noted that the parties agree that in December 2014, the defendants' classifications were changed, and they were administered new oaths of office as civilian telecommunicators. The court noted that it appeared the change was triggered by a communication from the Board to Sheriff Vick but that "the reason for the classification change is not, under the law, something this Court is allowed to consider," as the defendants did not raise on the pleadings or seek declaratory relief on the issue of the applicability or enforceability of their collective bargaining agreement.

¶ 6    In response to the defendants' claims, the court found that under Illinois law, it was clear that an employee properly qualified and sworn as a sheriff's deputy could be assigned telecommunications tasks and still be eligible for SLEP participation; however, "as this Court construes the applicable statutes, in order to meet the requirements for the appointment of an Oath taken by a deputy sheriff, and to perform the statutory powers of a deputy sheriff (55 ILCS 5/3-6015), the training requirement of the Illinois Law Enforcement Training Standards Board must be met." The court concluded:

"It is therefore judicially determined as follows:

1. That effective on the dates of the Oaths of office taken in December 2014, the defendants are sworn telecommunicators of the County of Williamson.

2. That as sworn telecommunicators, defendants are not entitled to participate in SLEP.

3. Duly appointed Sheriff's deputies are given the powers as set forth in 55 ILCS 5/3-6015. To be able to exercise those powers the training requirements of the [Board] must be met.

3

4. A Sheriff's deputy, appointed pursuant to 55 ILCS 5/3-6008, administered an Oath pursuant to 55 ILCS 5/3-6010, obtaining required training to exercise those powers enumerated in 55 ILCS 5/3-6015, and assigned to non-law enforcement tasks, including telecommunications, would be eligible for SLEP participation.

5. This Court has no authority to mandate that the County and/or Sheriff do any of those things outlined in paragraph 4."

On August 26, 2016, the defendants filed a motion to reconsider and vacate the August 9, 2016, order, which the circuit court denied. The defendants appeal.

¶ 7    The Illinois Pension Code establishes SLEP as a pension plan for sheriff's law enforcement employees, including county sheriffs and full-time deputies other than special deputies. 40 ILCS 5/7-109.3 (West 2014). There is no dispute that the defendants, as civilian telecommunicators, are no longer eligible to participate in SLEP. However, the defendants ask this court to determine "whether they may legally be sworn deputy sheriffs without the [Board's] training."

¶ 8    The defendants explain that part of their Fraternal Order of Police Labor Union (union) contract prohibited the County from laying off sworn deputy dispatchers for the purpose of hiring civilian dispatchers; the union had not become involved in the dispute because it believed that the County was acting as a matter of law with regard to the change, rather than as a matter of discretion. The defendants claim that if this court finds that they were legally entitled to be sworn deputies even without the Board's training, then the County's decision was discretionary and the defendants' change in status from deputy sheriffs/telecommunicators to civilian telecommunicators could be challenged by the employees and the union. We conclude, as did the

4

court below, that in order to exercise the powers of a sheriff's deputy, the Board's training requirements must be met.

¶ 9     The defendants' first argument is that the Board's training is not required for sheriff's deputies because their job description, as telecommunicators, does not fall within the Board's statutory guidelines. The Illinois Police Training Act (Act) (50 ILCS 705/1 *et seq.* (West 2014)) does not specifically mention telecommunications or sheriff's deputies. It defines "law enforcement officer" as "any police officer of a local governmental agency who is primarily responsible for prevention or detection of crime and the enforcement of the criminal code, traffic, or highway laws of this State." *Id.* § 2. The defendants argue that, in their role as dispatchers, they are not "law enforcement officers" as defined by the Act.[1]

¶ 10    However, even assuming *arguendo* that deputy sheriffs in a telecommunications role are not "law enforcement officers," the defendants still fall under the purview of the Board. The Act created the Board "for the purpose of encouraging and aiding *** counties *** in their efforts to raise the level of law enforcement by upgrading and maintaining a high level of training and standards for law enforcement executives and officers, county corrections officers, sheriffs, county coroners, and law enforcement support personnel under this Act." *Id.* § 1. The Act declares that it is "the responsibility of the board *** to set standards, [and to] develop and provide quality training and education." *Id.*

¶ 11    Based on the language of the statute, even if the defendants' prior roles as sheriff's deputies/telecommunicators do not precisely fit into any of the enumerated types of officers in the Act, the Board has an explicit responsibility to set standards for "law enforcement support

---

[1]We note that, if the deputies do qualify as "law enforcement officers," section 8.1(a) of the Act (50 ILCS 705/8.1(a) (West 2014)) makes clear that successful completion of the Minimum Standards Basic Law Enforcement and County Correctional Training Course is required or else the employee forfeits his position in the absence of a training waiver from the Board.

personnel," which would include the defendants in their roles as dispatchers. We disagree with the defendants' argument that the Board's standards do not apply to them in their telecommunications role; the Board's jurisdiction is not limited to deputies primarily assigned law enforcement duties.

¶ 12 The defendants also assert that they are not required by law to have Board-mandated training because the Counties Code (Code) (55 ILCS 5/1-1001 *et seq.* (West 2014)) places no specific training requirements on sworn deputy sheriffs. Although the Code provides training requirements for sheriffs (consisting of at least 20 hours of training approved by the Board (see *id.* § 3-6007)) and auxiliary deputies (consisting of weapons and police procedure training (see *id.* § 3-6012)), it is silent on the specific training requirements for sheriff's deputies. In regards to deputies, the Code states that "[e]ach sheriff may appoint one or more deputies, not exceeding the number allowed by the county board of his or her county." *Id.* § 3-6008. Each sheriff's deputy is required to take an oath "in like form as is required of sheriffs" before entering the duties of his office. *Id.* § 3-6010. Section 3-6015 of the Code enumerates the powers of deputies, stating that "[d]eputy sheriffs, duly appointed and qualified, may perform any and all the duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be acts of the sheriff." *Id.* § 3-6015.

¶ 13 Section 3-6015 of the Code explicitly requires that the County's deputy sheriffs are "duly appointed and qualified." *Id.* Thus, absent completion of training considered requisite by the Board, the defendants could not lawfully perform all of the sheriff's duties. The Board could therefore properly find them unqualified for the deputy position.[2] Although the remainder of the

---

[2]We do not conclude that the defendants are required to receive sheriff's training as outlined in section 3-6007 of the Code (55 ILCS 5/3-6007 (West 2014)) in order to be considered "qualified" by the

6

statute states that a sheriff's deputy "*may* perform any and all the duties of the sheriff," it is whether a deputy performs the sheriff's duties that is discretionary, and not whether a deputy sheriff is "duly *** qualified." (Emphasis added.) *Id.* Without appropriate training in the relevant aspects of sheriff's duties, deputies are unable to enforce their powers. The logical conclusion is that, for a sheriff's deputy to enforce his powers, a deputy sheriff must be qualified as determined by the Board.

¶ 14    The cases that the defendants cite are inapposite to their conclusion. In *Gibbs v. Madison County Sheriff's Department*, 326 Ill. App. 3d 473, 474-75 (2001), two sheriff's deputies that were assigned as jail officers sought a determination that they were "law enforcement officers" and, thus, eligible for benefits under the Public Employee Disability Act (5 ILCS 345/1 *et seq.* (West 1998)). This court concluded that sheriff's deputies, including jail officers, were law enforcement officers for the purposes of disability benefit eligibility. *Id.* at 478. We noted that a sheriff has crime prevention and law enforcement duties, and because sheriff's deputies may perform any and all duties of the sheriff, sheriff's deputies trained and assigned to the jail division "have no less a duty to detect and prevent crime and to enforce the law in the jail than do the patrol deputies in the field." *Id.* We concluded that full-time deputies "are law enforcement officers regardless of the assignment." *Id.*

¶ 15    In *Roche v. County of Lake*, the Second District held that SLEP applies to "any person sworn by the sheriff as a deputy and paid full time to act at the direction of the sheriff," even if the employee did not participate in law enforcement duties on a daily basis. 205 Ill. App. 3d 102, 115 (1990). The court found that the plaintiffs were "entitled to participate in the sheriff's

Board. We have no authority to ordain the training requirements of a deputy sheriff; that is for the Board to determine.

7

pension plan from the time they were employed full-time by the sheriff's office and sworn as deputies." *Id.*

¶ 16 Neither the *Roche* nor *Gibbs* decision addresses the training required to be properly appointed as deputy sheriffs. These decisions do not support the defendants' proposition that they may be sworn deputy sheriffs, and thus SLEP eligible, without complying with the Board's training.

¶ 17 A sheriff's deputy, properly appointed, sworn, and trained to exercise his powers as enumerated in section 3-6015 of the Code (55 ILCS 5/3-6015 (West 2014)), may be assigned to non-law enforcement tasks and remain eligible for SLEP participation. See *Gibbs*, 326 Ill. App. 3d at 478; see also *Roche*, 205 Ill. App. 3d at 115. However, like the trial court, this court has no authority to mandate that the County or the sheriff reinstate the defendants as sworn sheriffs' deputies without the required training.

¶ 18 For the foregoing reasons, we affirm.

¶ 19 Affirmed.

2018 IL App (5th) 160520
NO. 5-16-0520
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BENNIE VICK, Sheriff of the County of Williamson; JIM MARLO, Williamson County Commissioner; BRENT GENTRY, Williamson County Commissioner; and RON ELLIS, Williamson County Commissioner, | ) ) ) ) ) ) | Appeal from the Circuit Court of Williamson County. |
| Plaintiffs and Counterdefendants-Appellees, | ) ) ) ) | |
| v. | ) ) | No. 15-MR-29 |
| BEN WYLIE, STEVEN SINE, ROBERT OWSLEY, ASHLEY OLSEN, SHELLI MILANI, STEVEN HUGGINS, and SUSAN FLEMING, | ) ) ) ) ) ) | |
| Defendants and Counterplaintiffs-Appellants. | ) ) ) | Honorable Brad K. Bleyer, Judge, presiding. |

_____

**Opinion Filed:**          February 9, 2018

_____

**Justices:**          Honorable Thomas M. Welch, J.

Honorable John B. Barberis, P.J., and
Honorable David K. Overstreet, J.,
Concur

_____

**Attorney for Appellants**          Alfred E. Sanders, Jr., Sanders & Associates, 4503 W. DeYoung, Suite A, Marion, IL 62959

_____

**Attorneys for Appellees**          Rhett T. Barke, Don E. Prosser, Gilbert, Huffman, Prosser, Hewson & Barke, Ltd., 102 Orchard Drive, P.O. Box 1060, Carbondale, IL 62903-1060

_____